Argued October 6, affirmed November 23, 1955

# DUNGEY *v.* FAIRVIEW FARMS, INC.

290 P. 2d 181

*Burl Green* argued the cause for appellant. On the brief were Green, Richardson & Green, of Portland.

*David Fain* argued the cause for respondent. On the brief were Black, Kendall & Fain, and Paul Gerhardt, all of Portland.

Before WARNER, Chief Justice, and TOOZE, LUSK and BRAND, Justices.

TOOZE, J.

This is an action for damages for personal injuries alleged to have been suffered as the result of a motor vehicle's negligent operation, brought by William E. Dungey, as plaintiff, against Fairview Farms, Inc., a corporation, as defendant. The trial resulted in a verdict and judgment in favor of defendant, and plaintiff appeals.

The accident involved in this case occurred about 10 a. m. on April 30, 1951, at the intersection of S. E. 76th avenue and S. E. Taylor street in Portland, Multnomah county, Oregon. Defendant's milk-delivery truck, driven by its employe, Eugene H. Lauzon, was proceeding easterly on S. E. Taylor street, and plaintiff, in his Dodge panel truck, was driving northerly on S. E. 76th avenue. A collision between the two vehicles occurred near the center line of S. E. 76th avenue, and plaintiff sustained personal injuries as the proximate result thereof. No further statement of the facts is necessary for the purposes of this opinion.

The sole question presented to us on this appeal relates to an instruction given by the trial court to

the jury. The plaintiff assigns as error the giving of that instruction, contending that there was no evidence in the record to support it, and that its giving was prejudicial. The instruction in question follows:

> "*The evidence in this case shows that the district in which this accident happened was defined or was a residence district.* The law provides that 25 miles per hour is the designated speed for a residential district, and that any speed in excess of the designated speed shall be prima facie evidence of violation of the basic rule, to which your attention has just been called.

> "Prima facie evidence is primary evidence and is evidence that is sufficient to establish facts and which is, if not rebutted, or overcome by other evidence, remains sufficient for that purpose. Traveling in excess of 25 miles per hour, if you find that plaintiff was so traveling, does not necessarily mean that the plaintiff was negligent as a matter of fact, but you will determine that fact, taking into consideration all of the facts and circumstances and all of the conditions existing at the time and place of the happening of this accident." (Italics ours.)

The foregoing instruction was given immediately following an instruction concerning the provisions of the basic rule as to speed, as provided in subd. (a) of § 115-320, OCLA, as amended by ch 458, Oregon Laws 1941 (ORS 483.102).

Subdivision (b) of § 115-320, OCLA, as amended (ORS 483.104), in part provides:

> "(b) Any person who drives a vehicle upon a highway at a speed in excess of that designated by this act or by the state highway commission or the state speed control board, pursuant to the provisions of this act for the particular district or location, and who, while so driving, violates the basic rule set forth in subdivision (a) or any provision of sec-

tions 115-327 to 115-352, both inclusive, shall, upon conviction, be punished by a fine of not to exceed one hundred dollars ($100) or by imprisonment not to exceed 10 days, or by both such fine and imprisonment; provided, that any speed in excess of said designated speeds shall be prima facie evidence of a violation of subsection (a) of this section.

"Said designated speeds are as follows:

"1. Twenty miles per hour:

"* * * * *

"d. Upon approaching within 50 feet and in traversing an intersection of highways where the driver's view in either direction along any intersecting highway within a distance of 200 feet is obstructed, except that when traveling upon a through street or at traffic controlled intersections the district speed shall apply.

"2. Twenty-five miles per hour:

"a. In any *residence district* as defined herein, or

"* * * * *

"3. Fifty-five miles per hour in other locations." (Italics ours.)

A "resident district" is defined by subd. (y) of § 115-301, OCLA, as amended by ch 279, Oregon Laws 1947 (ORS 483.020), as follows:

"(y) 'Residence district.' The territory contiguous to a highway not comprising a business district when the frontage on such highway for a distance of 300 feet or more is mainly occupied by dwellings or by dwellings and buildings in use for business."

On direct examination, as a witness for defendant, Eugene H. Lauzon, driver of defendant's milk truck, testified as follows:

"Q Would you tell us briefly the nature of the neighborhood where this occurred out there in—out there on 76th and Taylor?

"A It was a *residential district*.

"Q Residential district?

"A Yes.

"Q Houses all around?

"A Yes.

"Q No businesses?

"A Not right close, no." (Italics ours.)

On cross-examination, the witness Lauzon testified:

"Q I see. Now, that is—you deliver only to residents—to houses where people live?

"A Yes; that is only a retail route.

"Q You don't deliver to stores or anything like that?

"A No.

"Q There is no stores out there in that area?

"A There is stores out in that area, but they have other routes taking care of the stores. I only deliver retail.

"Q It is mostly houses and vacant lots out there?

"A Yes, it is.

"Q Well, now, do you remember the address of this house that you deliver to, the last delivery you made, before the accident?

"A 7505 Taylor, Southeast.

"Q That would be the first lot after 75th, wouldn't it?

"A Yes, it would be.

"Q And, in other words, if there was a vacant lot, it would take up 7505 and the next house would have a higher number? That is the way they run?

"A Yes.

"Q So this would be the first house on the corner just off 75th?

"A Yes. Just east of 76th. I mean, just east of 75th."

That is the only evidence in the record respecting the character of the district where the accident occurred. Plaintiff offered no evidence whatever upon the subject.

It was solely upon the basis of this testimony that the trial court instructed the jury that the district where the accident happened was "a residence district", and that the designated speed of 25 miles per hour was applicable.

Plaintiff contends that if one is to avail himself of the provisions of the statute respecting the designated speed for a residence district, it is incumbent upon him to present evidence that the frontage on the highway for a distance of 300 feet or more is mainly occupied by dwellings or by dwellings and buildings in use for business, and that that situation applies to both sides of the highway. In support of his contention, he cites a number of authorities: *Utility Trailer Works v. Phillips,* 249 Ala 61, 29 S2d 289; *Krepcik v. Interstate Transit Lines,* 152 Neb 39, 40 NW2d 252, 154 Neb 671, 48 NW2d 839; *Floeck v. Hoover,* 52 NM 193, 195 P2d 86; *Mitchell v. Melts,* 220 NC 793, 18 SE2d 406; *Volland v. McGee,* 238 Wis 598, 300 NW 506; *McGill v. Baumgart,* 233 Wis 86, 288 NW 799.

Although there are authorities which apparently announce a contrary doctrine, nevertheless, we are of the opinion that the rule announced in the cited authorities is the correct rule. *Rauw v. Huling and Sparks,* 199 Or 48, 259 P2d 99, is not, as defendant maintains, to the contrary. The question presented and decided in the Rauw case was whether it was error for the trial court to permit evidence as to conditions existing at and near the intersection where the accident occurred, in connection with the application of the basic rule as to the speed of plaintiff's automobile.

There was no attempt to apply the designated speed for a business district in connection with plaintiff's operation of his vehicle. Our statement that the territory immediately adjacent to and east of the intersection was a business district within the meaning of the statute was simply a conclusion and unnecessary to our opinion.

However, although the rule is as claimed by plaintiff, nevertheless, that rule is not applicable in this case for the reasons now to be stated.

■ Every person is presumed to know the law and, in particular, every operator of a motor vehicle is presumed to know the rules of the road and their application. In fact, before one may obtain a driver's license to operate a motor vehicle in this state, he must first subject himself to a test of his eyesight, "his ability to understand highway signs regulating, warning and directing traffic, *his knowledge of the traffic laws* of this state, an actual demonstration of his ability to operate a motor vehicle in such manner as not to jeopardize the safety of persons or property, and such further examination as may be necessary * * * to determine the applicant's fitness to operate a motor vehicle safely on the highways * * *." (Italics ours.) § 115-210, OCLA, as amended by ch 44, Oregon Laws 1949 (ORS 482.260). Every motor vehicle operator must know what constitutes "a residence district", or "a business district", as defined in the statute; otherwise, he would not know when, under the circumstances and conditions facing him, he should drive within the designated speeds for such districts. Therefore, what constitutes such a district is more or less a matter of common knowledge in Oregon.

■ Lauzon testified that the district in question in this case was "a residential district". That statement

was more than a mere conclusion; under the circumstances of this case, it was a statement of fact. Plaintiff offered no objections to the questions addressed to the witness, nor to his replies, nor did plaintiff move to strike the answers of the witness from the record on the ground that they were mere conclusions. On the cross-examination, counsel for plaintiff made no attempt to question the witness as to the factors he took into consideration in stating that the territory involved constituted a residential district. The plaintiff, had he so desired, by cross-examination could have developed the basis of the witness' statement, and thus ascertained whether or not he had taken into consideration the elements involved in the statutory definition of such a district. *Shaw v. Pacific Supply Co.,* 166 Or 508, 511, 113 P2d 627. If the cross-examination disclosed that he had not, then his answers could have been stricken upon motion. Moreover, if not satisfied with the statement of the witness and the real facts permitted, plaintiff could have introduced evidence contradicting Lauzon. There was, however, no contradictory evidence.

■ The record in this case distinguishes it from the situations prevailing in the cases relied upon by plaintiff and cited above. In the absence of any contradictory testimony or any reasonable inferences to the contrary to be drawn from the evidence produced on the trial, the capable trial judge was not in error in instructing as he did.

■ Furthermore, even if the instruction as given constituted error, it would not have been prejudicial and reversible error. The evidence in this case established, without contradiction, that the southwest corner of the intersection is a blind corner, and that the driver of the milk truck proceeding easterly on S. E. Taylor

street could not see a vehicle approaching on S. E. 76th avenue from the south until the front end of his vehicle had proceeded beyond the west curbline of S. E. 76th avenue and into the intersection. From the same evidence, it is manifest that a driver proceeding northerly on S. E. 76th avenue could not see a vehicle traveling east on S. E. Taylor street until into or very near the intersection, or until the vehicle traveling on S. E. Taylor street entered the intersection. The southwest corner of the intersection was a blind corner to both drivers. When within 50 feet of the intersection, and in traversing the intersection, it is obvious that plaintiff's view along S. E. Taylor street (the interesecting highway) within a distance of 200 feet was obstructed. Subd. (b) of § 115-320, OCLA, as amended (ORS 483.104), supra. That being the case, the designated speed applicable to both parties was 20 miles per hour. The instruction given by the court concerning a designated speed of 25 miles per hour as applicable to the plaintiff was more favorable to him than he deserved. It could not have been prejudicial.

The judgment is affirmed.