Argued October 29, 1970, reversed and remanded
February 10, 1971

COMSTOCK, *Appellant, v.* STEWART,
*Respondent.*

480 P2d 426

*Sidney E. Ainsworth,* Ashland, argued the cause for appellant. With him on the briefs were Davis, Ainsworth & Pinnock, Ashland.

*Mel Kosta,* Klamath Falls, argued the cause and filed a brief for respondent.

Before O'CONNELL, Chief Justice, and DENECKE, TONGUE and BRYSON, Justices.

DENECKE, J.

The jury returned a defendant's verdict in this

automobile injury action and the plaintiff appeals, assigning as error the giving of one instruction.

Defendant's answer charged plaintiff was contributorily negligent in her speed. The jury could have found plaintiff's maximum speed was 50 miles per hour. Plaintiff testified she was traveling at 40 miles per hour. The scene of the collision was an intersection just outside the city limits. The designated speed for the area was 55 miles per hour unless the area was a business district. ORS 483.104. The question is, was there any evidence from which the jury could properly find that the area was a business district within the meaning of the statute?

No designated speed signs were in the area. The only pertinent testimony was that of a police officer who testified that the designated speed was 55 miles per hour, the area was "Semi-business area, no dwellings," three of the four corners of the intersection were occupied by businesses and the fourth was vacant. No evidence was offered about the dimensions of the frontage of the corner businesses or the occupancy of any of the other property in the area.

ORS 483.104 provides, in part:

"Any speed in excess of the speeds designated in this section * * * shall be prima facie evidence of violation of ORS 483.102. The speeds designated in this section are:

"(1) Twenty miles per hour:
"* * * * *

"(c) In any business district.
"* * * * *

"(2) Twenty-five miles per hour:
"(a) In any residence district.
"* * * * *

"(3) Fifty-five miles per hour in other locations."

ORS 483.002 (3) provides:

" 'Business district' means the territory contiguous to a highway when 50 percent or more of the frontage thereon for a distance of 600 feet or more on one side, or 300 feet or more on both sides, is occupied by buildings used for business."

The trial court instructed the jury that the designated speed in a business district is 20 miles per hour, gave the statutory definition of a business district, and instructed that if this were a business district a speed in excess of 20 miles per hour was a prima facie violation of the basic speed rule.[1] The trial court erred.

This court has previously decided that in order to bring into effect the designated speed for residential districts there must be evidence of the requisite frontages or some other evidence that the area was a residential district within the meaning of the statute.

"Plaintiff contends that if one is to avail himself of the provisions of the statute respecting the designated speed for a residence district, it is incumbent upon him to present evidence that the frontage on the highway for a distance of 300 feet or more is mainly occupied by dwellings or by dwellings and buildings in use for business, and that that situation applies to both sides of the highway. In support of his contention, he cites a number of authorities: [Cases cited]

"Although there are authorities which apparently announce a contrary doctrine, nevertheless, we are of the opinion that the rule announced in

---

[1] Plaintiff contends the court instructed that this was a business district. In view of our decision we do not need to discuss this contention.

the cited authorities is the correct rule. * * *."
*Dungey v. Fairview Farms, Inc.*, 205 Or 615, 620,
290 P2d 181 (1955).[2]

The same rule should apply in cases involving business districts. The officer testified that the area was a "Semi-business area." This testimony is completely ambiguous on the question of whether the scene of the accident was a business district within the meaning of ORS 483.002 (3) and is insufficient to support such a finding.

Reversed and remanded.

---

[2] The court in *Dungey* held that the testimony by the defendant driver that the district was "residential" was sufficient to support an instruction that, as a matter of law, the district was "residential." We do not here have to pass upon the correctness of that part of the decision because there is no such testimony in this case.