**Robert MAYORGA, Plaintiff–counter–defendant–Appellant,**

v.

**COSTCO WHOLESALE CORPORATION, Defendant–counter–claimant–Appellee.**

**No. 07–35166.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 21, 2008.*

Filed Dec. 9, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Michael B. Mendelson, Esq., Pioneer Tower, Portland, OR, for Plaintiff–counter–defendant–Appellant.

Steven D. Olson, Esq., Tonkon Torp, LLP, Portland, OR, for Defendant–counter–claimant–Appellee.

Before: W. FLETCHER and FISHER, Circuit Judges, and BREYER, District Judge.**

** The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

## MEMORANDUM ***

Robert Mayorga, an Oregon resident, was charged with violating an Oregon law that makes it illegal to transport certain quantities of liquor in Oregon unless the beverages are procured through the Oregon Liquor Control Commission ("OLCC"). Mayorga had purchased the offending liquor at a Costco warehouse store in Redding, California. He sued Costco for negligence and emotional distress, claiming that Costco failed to warn him about Oregon's law. The district court granted Costco's motion for summary judgment and denied Mayorga's motion for leave to amend the complaint to add an indemnity claim. Mayorga appealed. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We review the grant of a summary judgment motion de novo. *Aguilera v. Baca,* 510 F.3d 1161, 1167 (9th Cir.2007). The denial of a motion for leave to amend a complaint is reviewed for abuse of discretion. *Lockheed Martin Corp. v. Network Solutions, Inc.,* 194 F.3d 980, 985–86 (9th Cir.1999).

■ Mayorga's negligence claim fails as a matter of law. Under Oregon law the legal duty to warn arises only as to hazards that are not generally known and recognized, that is, that are not obvious. *Fuhrer v. Gearhart–By–The–Sea, Inc.,* 306 Or. 434, 760 P.2d 874, 879 (1988) (observing that under Oregon law businesses have an affirmative duty to warn of dangerous conditions on the premises that are not obvious); *Benjamin v. Wal–Mart Stores, Inc.,* 185 Or.App. 444, 61 P.3d 257, 264 (2002) (stating that "a seller is 'not required to warn with respect to products

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

... when the danger, or potentiality of danger, is generally known and recognized.'") (quoting *Restatement (Second) of Torts* § 402(A), comment j (1965)).

Oregon law also presumes that all of its citizens know the laws that apply to them. *Bartz v. State,* 314 Or. 353, 839 P.2d 217, 221 (1992); *Dungey v. Fairview Farms, Inc.,* 205 Or. 615, 290 P.2d 181, 183 (1955); *Scherzinger v. Portland Custodians Civil Serv. Bd.,* 209 Or.App. 394, 149 P.3d 142, 149 (2006); *see Bibeau v. Pac. Nw. Research Found., Inc.,* 188 F.3d 1105, 1110 (9th Cir.1999), *as amended,* 208 F.3d 831 (9th Cir.2000).

The Oregon law imposed an obligation not to transport certain quantities of alcohol in Oregon unless the beverages were purchased through the OLCC; Oregon law presumes that everyone who purchases alcohol, including Mayorga, is aware of that legal obligation. The hazard of which Mayorga claims he should have been warned was therefore known and obvious.

Mayorga's claim for intentional infliction of emotional distress also fails. To succeed on a claim for intentional infliction of emotional distress, a plaintiff must prove: "(1) the defendant intended to inflict severe emotional distress on the plaintiff, (2) the defendant's acts were the cause of the plaintiff's severe emotional distress, and (3) the defendant's acts constituted an extraordinary transgression of the bounds of socially tolerable conduct." *McGanty v. Staudenraus,* 321 Or. 532, 901 P.2d 841, 849 (1995) (internal quotation marks and citation omitted).

■ Viewing the stipulated facts in the light most favorable to Mayorga, and drawing all reasonable inferences in his favor, *see Scheuring v. Traylor Bros., Inc.,* 476 F.3d 781, 784 (9th Cir.2007), no reasonable trier of fact could find that Costco's acts "constituted an extraordinary transgression of the bounds of socially tolerable conduct."

■ Finally, the lower court's denial of Mayorga's motion to add an indemnity claim was not an abuse of discretion. To prevail on a claim for common law indemnity "the claimant must plead and prove that (1) he has discharged a legal obligation owed to a third party; (2) the defendant was also liable to the third party; and (3) as between the claimant and the defendant, the obligation ought to be discharged by the latter." *Stovall v. State ex rel. Or. Dept. of Transp.,* 324 Or. 92, 922 P.2d 646, 665 (1996) (internal quotation marks and citation omitted). Mayorga could not plead or prove the first element: his defense of the misdemeanor criminal prosecution did not discharge a legal duty owed to a third party.

**AFFIRMED.**