Argued September 11, reversed and remanded November 15, petition for rehearing denied December 13, 1973

## JORDAN, *Appellant, v.* COOS-CURRY ELECTRIC COOPERATIVE, INC., *Respondent.*

515 P2d 913
516 P2d 472

*William H. Ferguson,* Medford, argued the cause for appellant. With him on the briefs were Grant & Ferguson, Medford.

*Richard L. Barron,* Coos Bay, argued the cause for respondent. With him on the brief were Bedingfield and Joelson, Coos Bay.

DENECKE, J.

The trial court granted a nonsuit in this wrongful death action brought by plaintiff for the death of her husband. The defendant conceded on oral argument, prudently, we believe, that two of its grounds for nonsuit were without merit. Defendant pressed only the remaining ground: that as a matter of law the plaintiff's decedent's negligence contributing to his death was at least as great as the negligence of the defendant; therefore, under the Oregon Comparative Negligence Statute plaintiff could not recover. ORS 18.470. The trial court ruled against the defendant on this ground and we hold the trial court was correct in this respect.

■ We agree with the statement in *Skybrock v. Concrete Construction Co.,* 42 Wis2d 480, 490, 167 NW2d 209 (1969), applying a statute similar to that of Oregon: "Generally, the apportionment of negligence is for the jury and will not be upset except where it is manifest as a matter of law that the allocation is unreasonably disproportionate." The present case is not one in which as a matter of law the allocation is unreasonably disproportionate.

■ Defendant charged that the decedent was contributorily negligent in "deliberately encountering and

voluntarily and unreasonably placing himself in a position of known and appreciated danger of electrocution."

We do not need to make a detailed statement of the facts to explain our holding.

On a black, very wet, night, in an isolated area, the decedent and one Robinson were driving to the hospital hoping to arrive on time to be present at the birth of the decedent's child. A slide blocked the road and moved a wooden pole to which an electrical transmission line was attached. The pole and line were defendant's property. The pole split and the line shifted to a spot a short distance above the slide. The line intermittently "shorted" when it touched a tree. Defendant admitted that it was negligent in having a defective pole and in not having replaced fuses which if replaced would have "blown" and cut the flow of electricity.

The decedent and Robinson attempted to drive across the slide but got stuck. They secured help; however, while preparations were being made to pull their vehicle out Robinson accidently came into contact with the wire. He was electrocuted and his body fell on the wire. The decedent and another man tried to extricate Robinson. They received some shocks. The decedent backed away, but for reasons unknown fell, made contact with the body of Robinson, and was killed.

The jury could find the negligence, if any, of the decedent was not as great as that of the defendant.

Reversed and remanded.

## ON PETITION FOR REHEARING

Richard L. Barron and Bedingfield and Joelson, Coos Bay, for the petition.

No appearance contra.

DENECKE, J.

The defendant's admissions of negligence were only made for the purpose of argument on appeal and are not to be construed as judicial admissions binding on defendant in any subsequent proceeding.

Petition denied.