Argued January 6, reversed and remanded for new trial February 25, petition for rehearing denied—opinion modified March 15, 1977

SOFICH, *Respondent,*
*v.*
HILL, *Appellant.*
(No. 84991, SC 24339)

560 P2d 633

James H. Gidley, Portland, argued the cause for appellant. With him on the briefs were Cosgrave & Kester, Portland.

Alan R. Jack, Oregon City, argued the cause for respondent. With him on the brief were Raymond R.

Bagley, Jr., and Jack, Goodwin & Urbigkeit, Oregon City.

Before Denecke, Chief Justice, and Bryson, Linde and Mengler, Justices.

MENGLER, Justice Pro Tempore.

**MENGLER, J.,** Pro Tempore.

This is an appeal from a judgment for the plaintiff in an action to recover damages for personal injury arising out of an automobile collision.

The court failed to give two instructions requested by the defendant. The first was based on the provisions of former ORS 483.642, and read as follows:

> "I instruct you that under Oregon Law a blood alcohol percentage of .10 percent by weight supports a disputable presumption that the person was then under the influence of intoxicating liquor."

The second was based on the provisions of former ORS 483.992(2), and read as follows:

> "I instruct you that the Oregon Law forbids any driver from operating a motor vehicle upon a highway within this state while under the influence of intoxicating liquor."

■ The only question presented on appeal is whether the judgment should be reversed because the trial court failed to give the requested instructions.

A collision occurred between vehicles driven by the parties at a highway intersection. The highway was a four-lane divided highway with left turn lanes at the intersection. Traffic entering or crossing the highway was required to stop before entering either of the divided portions of the highway. The defendant entered the highway from a direction where a stop was required. One vehicle, in a line of vehicles, immediately ahead of defendant, stopped and then entered the highway. Defendant followed immediately behind that vehicle and collided with the plaintiff, who was driving on the highway. As plaintiff was approaching the intersection, he saw on his right the first vehicle crossing the highway and the defendant's vehicle in the stop area. He then looked to his left to see if there was anyone entering from that direction. He did not see the defendant's vehicle again until the instant of collision. The evidence is in conflict as to whether defendant stopped before entering the highway.

[ 329 ]

The answer alleged that the plaintiff was contributorily negligent with respect to speed, control, lookout and failure to yield.

Several hours after the collision, a blood sample was taken from plaintiff and was found to be .18 percent by weight of alcohol in the blood. Expert testimony was received that at the time of the collision, which occurred several hours earlier, the sample would have been .24 percent. ORS 483.642, in effect at the time of the collision, provided that in both civil and criminal cases a blood alcohol percentage of .10 percent supported a disputable presumption of being under the influence of intoxicating liquor. This statute permits a jury to presume the fact of being under the influence from the proof of the basic facts of the percentage of blood alcohol. The legislature apparently determined that the presumed ultimate fact of being under the influence is more likely than not to flow from the proved basic facts of blood alcohol percentage on which it depends, and was satisfied that there is a scientifically established relationship between blood alcohol level and intoxication sufficient to satisfy the proof required for being under the influence of intoxicating liquor.

In *Wyckoff v. Mutual Life Ins. Co.,* 173 Or 592, 147 P2d 227 (1944), and *U. S. National Bank v. Lloyds,* 239 Or 298, 382 P2d 851, 396 P2d 765 (1964), this court exhaustively considered the propriety of instructing on disputable presumptions, including whether disputable presumptions have evidentiary value. Uniform Instruction No. 202.02, as revised, is based on *U. S. National Bank v. Lloyds, supra.* The presumption in ORS 483.642 has evidentiary value as to the ultimate fact of being under the influence. The failure to instruct the jury as to its existence is reversible error. *Dimitroff v. State Ind. Acc. Com.,* 209 Or 316, 306 P2d 398 (1957).

The remaining question is whether the error is sufficiently substantial so as to warrant reversal.

If, after examination of the entire record, it is established that the judgment was such as should have been rendered, we are required by the provisions of Article VII, Section 3 of the Oregon Constitution to disregard the error and affirm the judgment. *Robbins v. Con. Freightways,* 276 Or 127, 554 P2d 149 (1976).

The jury returned a general verdict. It is not possible, therefore, to determine from the record whether the jury found the plaintiff contributorily negligent, and, if so, in what degree.

The jury, having heard the testimony establishing the blood alcohol percentage, and extensive testimony of an expert on the effect of the blood alcohol percentage, was left free to make inferences, or deductions, from the facts proved without knowledge of the existence of the presumption of being under the influence in ORS 483.642 because the court failed to give the requested instruction.

In some kinds of cases it is expedient to let a jury have full sway in making inferences in their fact finding, without express direction from the statutes. In other kinds of cases it is expedient to aid, and control, the processes of the jury in making inferences. This may be done by legislation which establishes presumptions which include some degree of express direction.

The jury here, because the requested instruction on the presumption of being under the influence was not given, had an erroneous understanding of the law in that they had full sway to make whatever inferences they found best with regard to the plaintiff's being under the influence without any express direction from the law. They could not weigh the probative effect of the presumption because they had not been apprised of its existence and effect. The error here is not a technical imperfection in an instruction. Rather, it is the failure to give an instruction apparently free from imperfection. The jury could not understand the

law because the instructions were not given. *Waterway Terminals v. P. S. Lord,* 256 Or 361, 370, 474 P2d 309 (1970).

If the jury had been instructed as requested they would have been told that one who had a considerably lower level of blood alcohol than the evidence here tended to prove was to be presumed to be under the influence. They then might well have concluded that this defendant was under the influence to the extent that he was impaired in his ability to, or unable to, maintain a proper lookout or control, which caused, or contributed to, the collision.

It is true that the jury may have done so uninstructed, but the defendant is entitled to have the jury instructed on his theory of the case, including disputable presumptions.

The second requested instruction did not ask that the jury be told that driving while under the influence is criminal, or that it is negligence per se, but that it is a prohibited act. The instruction, as requested, was an incomplete statement of the law. *Cutsforth v. Kinzua Corp.,* 267 Or 423, 517 P2d 640 (1973).

Having considered the entire record in this case, we cannot conclude that the verdict and judgment entered therein were such as should have been rendered in this case, notwithstanding the error committed.

Reversed and remanded for new trial.

**LINDE, J.,** specially concurring.

I agree that the failure to instruct on the statutory presumption requires reversal. Since the case is to be retried, I add a few words of elaboration on the second requested instruction.

This court has held that it is proper to instruct a jury in a civil case that the law prohibits driving under the influence of intoxicants or with more than a proscribed percentage of alcohol in one's blood. *Cuts-*

*forth v. Kinzua Corp.,* 267 Or 423, 437-438, 517 P2d 640 (1973). One who drives when the law prohibits his driving at all may perhaps assert that he did not drive carelessly, but hardly that he drove without *fault.* ORS 18.470.[1] Nor can he assert that his forbidden driving was not a cause of the collision, when we use "cause" correctly to refer to factual causation. Motor vehicle laws direct operators of automobiles to take various precautions which may or may not be relevant to a particular occurrence, but in the case of the "drunk driving" laws (as in that of a driver whose license has been suspended or revoked) it is the *driving* that the law prohibits.[2] *How much* fault should be attributed to the forbidden driving the comparative fault statute, ORS 18.470, leaves to the jury.[3]

---

[1] ORS 18.470:

"Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for death or injury to person or property if the fault attributable to the person seeking recovery was not greater than the combined fault of the person or persons against whom recovery is sought, but any damages allowed shall be diminished in the proportion to the percentage of fault attributable to the person recovering. This section is not intended to create or abolish any defense."

[2] Now ORS 487,540. *Cutsforth v. Kinzua Corp., supra,* distinguishes between such rules as the requirement of having proper lights or a rearview mirror and an allegation, not made in that case, that a vehicle could not be used lawfully on the highway at all, 267 Or at 429-433. A similar distinction might be recognized, for instance, between driving with an expired operator's or vehicle license and after a license has been suspended or revoked. The test is whether the policy of the legislative prohibition is to forestall the *type* of harm that occurred, *id.* at 438.

[3] This case was tried immediately after the 1975 revision of ORS 18.470, on pleadings filed before the revision. Thus the pertinence of the requested instructions to the issue of fault rested solely on pleaded specifications of negligence such as speed, lookout, control, and right-of-way. *Cutsforth v. Kinzua Corp., supra,* also refers to the trial court's discretion to permit amendment of the pleadings, 267 Or at 431, 433-434; ORS 16.390.