Argued and submitted June 27, reversed and remanded on appeal; affirmed on cross-appeal October 12, 1983

REYNOLDS, formerly Lovegren,
*Appellant - Cross-Respondent,*

*v.*

TYLER,
*Respondent - Cross-Appellant.*

(38569; CA A25682)

670 P2d 223

R. Scott Palmer, Eugene, argued the cause for appellant - cross-respondent. With him on the briefs was Harrang & Swanson, Eugene.

J. P. Graff, Portland, argued the cause for respondent - cross-appellant. With him on the briefs was Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

This is a negligence action to recover money damages for personal injuries sustained in an automobile-bicycle collision. Plaintiff alleged that defendant was negligent in the operation of his automobile, and defendant alleged that plaintiff was contributorily negligent in the operation of her bicycle. The jury returned a special verdict, finding that defendant was not negligent in any of the particulars alleged by plaintiff.

Plaintiff challenges the trial court's giving of an objected to jury instruction. Defendant cross-appeals from the trial court's striking of one of his charges of plaintiff's contributory negligence. We reverse on the appeal and affirm on the cross-appeal.

### FACTS

Prior to the collision, plaintiff was riding her bicycle south on the sidewalk. Defendant was in the process of leaving a bank parking lot in his car, necessitating his crossing the adjacent sidewalk. He slowed down as he came to the sidewalk, looked south to his left, and noticed northbound traffic approaching on the one-way street which he intended to enter. He then looked north, to his right, in the direction from which plaintiff and her husband were approaching on their bicycles on the sidewalk, but saw no pedestrians or bicyclists. Again, he looked to his left, but his view was obstructed by a large bank sign situated on the parking lot. He did not stop before entering the sidewalk[1] but continued to nose forward. His vehicle struck plaintiff, causing her to land in the street and injure her teeth. Defendant's sole excuse for not stopping before entering the sidewalk was that the bank sign partially blocked his view of the northbound traffic.

### *PLAINTIFF'S APPEAL*

Plaintiff's appeal is predicated on the trial court's giving of Uniform Jury Instruction 10.03, relating to statutory negligence, in its entirety:

> "Now, in addition to that standard of common law negligence there's also a standard of statutory negligence. Statutory negligence consists of the violation of the statute that

---

[1] In his brief, defendant argues that the "evidence is not so clear cut." However, upon review of the transcript, we are unable to find any evidence to support an inference that defendant stopped before entering the sidewalk.

for the safety or protection of others, requires certain conduct or forbids certain conduct. And when these — in these instructions I will call your attention to any such statutes.

"A violation of that statute by a party constitutes negligence in and of itself *unless you find from all the evidence such party has established that he or she was acting as a reasonable, prudent person under the circumstances.*"[2] (Emphasis supplied.)

The objectionable, and duly excepted to, language is the emphasized portion of the instruction.

Plaintiff's case was submitted to the jury on allegations of negligence, including:

(1) Defendant failed to stop before driving onto the sidewalk as he emerged from the parking lot;

(2) Defendant failed to keep and maintain an adequate lookout;

(3) Defendant failed to keep and maintain his vehicle under adequate control;

(4) Defendant drove at a speed greater than reasonable and prudent under the circumstances and conditions then existing.

The first specification of negligence involves the violation of ORS 487.450(1), which provides:

"A driver commits the offense of failure to stop if he does not stop before driving onto a sidewalk or sidewalk area when he emerges from an alley, building, private road or driveway in a business or residential district."

Plaintiff contends that, even viewed in the light most favorable to defendant, the evidence did not raise a question of fact concerning defendant's violation of ORS 487.450(1). The only evidence was that defendant did not stop, as required by ORS 487.450(1), before entering the sidewalk.

■■ In *Barnum v. Williams,* 264 Or 71, 79, 504 P2d 122 (1972), the Supreme Court, after reviewing the case law, concluded:

---

[2] Uniform Jury Instruction 10.03 specifically provides that the emphasized language is "[a]ppropriate when the Court rules that evidence produced is sufficient to create a question for the jury whether the party acted wisely despite violation of the statute."

"* * * [V]iolation of a * * * statute creates a presumption of negligence. When the evidence establishes that a party has violated a * * * statute, such a party has the burden of producing evidence that, nevertheless, he was acting reasonably. Without such evidence the party is negligent as a matter of law. * * *"

As explained in subsequent decisions, the presumption of negligence becomes *conclusive,* absent any "adequate explanation" for the violation of the statute. *Resser v. Boise-Cascade Corporation,* 284 Or 385, 393, 587 P2d 80 (1978); *Gray v. Lahl,* 284 Or 111, 115-17, 585 P2d 664 (1978). Here, the need to pull onto the sidewalk to get a clear view of oncoming motor vehicle traffic on a roadway has nothing whatsoever to do with a duty to stop first before entering the sidewalk. The trial court erred by treating defendant's exculpatory evidence as sufficient to keep the reasonableness of his conduct in the case.

By giving Uniform Jury Instruction 10.03 in its entirety, the trial court misstated the applicable law and allowed the jury to find that defendant was not negligent when his negligence had been presumptively established. *Barnum v. Williams, supra.* This error of law clearly prejudiced plaintiff and requires the judgment to be reversed.

## DEFENDANT'S CROSS-APPEAL

Because we remand this case for retrial, we consider defendant's contention that the trial court erred in striking the first specification of contributory negligence from the affirmative defense in his answer. The stricken allegation, in pertinent part, reads:

"III.

"The proximate cause of any accident involving Plaintiff and Defendant and the proximate cause of any injuries that may have been sustained by Plaintiff, if any, on or about October 21, 1980, was the negligence of Plaintiff in one or more of the following particulars:

"1. In riding her bicycle on the sidewalk in a business district in the City of Corvallis, in violation of Section 46 of Corvallis City Ordinance 57-39, which provides in subsection (2) that:

" 'No person shall ride a bicycle upon a sidewalk in a business district. A person riding a bicycle upon a

sidewalk other than in a business district shall yield the right-of-way to any pedestrian.' "

Defendant argues that the collision in this case is within the class of risks which the ordinance seeks to minimize, and the parties were in the class of persons which it seeks to protect.

■    We believe that it is apparent from the face of the ordinance that it was intended to protect pedestrians from injury by sidewalk-travelling bicyclists and to minimize the risk of bicycle-pedestrian accidents. Because neither party is within the class of persons protected by the ordinance, and because plaintiff's injury was not within the area of the risk intended to be avoided by the ordinance, plaintiff's violation does not constitute negligence *per se*.[3] *Smith v. Portland Traction Co.,* 226 Or 221, 225-29, 359 P2d 899 (1961). Accordingly, the trial judge properly withdrew the issue from the jury's consideration.

Reversed and remanded on the appeal; affirmed on the cross-appeal.

---

[3] In light of our determination of the purpose of the ordinance, the inquiry as to whether plaintiff met her burden of coming forward with exculpatory evidence explaining or excusing her violation of the ordinance is immaterial.