Argued and submitted September 6, 1991, judgment affirmed in part; reversed and remanded in part February 12, reconsideration denied May 13, petition for review dismissed September 9, 1992

(314 Or _____)

Robert HARDT,
*Respondent,*

*v.*

COLUMBIA PLYWOOD,
*Appellant.*

(A8905-02576; CA A64214)

826 P2d 85

Thomas M. Christ, Portland, argued the cause for appellant. With him on the briefs were Robert D. Scholz, MacMillan & Scholz, and Mitchell, Lang & Smith, Portland.

Robert K. Udziela, Portland, argued the cause for respondent. With him on the brief were Jan Thomas Baisch and Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Plaintiff, a log truck driver, was injured while delivering logs to defendant's mill. His complaint alleged negligence and a violation of the Employer Liability Law (ELL).[1] Defendant's answer alleged, as an affirmative defense, that plaintiff was contributorily negligent. At the close of the evidence, plaintiff withdrew his negligence claim. The court granted plaintiff's motion for a directed verdict on the contributory negligence issue.[2] The jury found in favor of plaintiff, and defendant appeals. It assigns as errors the directed verdict and the court's refusal to give the jury its requested instructions.

Defendant operates a plywood mill adjacent to a river. It uses a boom to lift logs from delivery trucks and place them in the river for storage. Delivery trucks park on a "deck" between the base of the boom and the river for unloading. A wooden shack, called the "log boom building," is located next to the boom on the side away from the river. The shack encases a metal cage. Inside the shack are two winches. One operates a cable that passes through a pulley at the top of the boom and attaches to a harness for lifting logs from the trucks. The other winch operates a cable that passes through a series of pulleys and a metal clevis located at the top of the boom. It tilts the boom forward, moving the logs laterally from above the truck to the river.

Plaintiff arrived at defendant's mill with a truckload of logs. When he arrived, there was another truck on the deck in front of him. He got out of his truck and helped the other driver and the boom operator prepare the load for removal.

---

[1] ORS 654.305 provides, in part:

"[P]ersons having charge of, or responsible for, any work involving a risk or danger to the employees or the public, shall use every device, care and precaution which it is practicable to use for the protection and safety of life and limb, limited only by the necessity for preserving the efficiency of the structure, machine or other apparatus or device, and without regard to the additional cost of suitable material or safety appliance and devices."

[2] Before submitting the case to the jury, the trial court ruled:

"[W]e need to put on the record * * * some rulings made in chambers * * * what amounted to a directed verdict * * *.

"[The] motion for a directed verdict on the contributory negligence defense * * * was argued and the court allowed it."

Plaintiff testified that, while the operator was lifting the logs, plaintiff was standing underneath an overhang in the doorway of the log boom building. The clevis on the end of the boom broke, and the cable fell onto the roof of the boom building. The impact dislodged a board, which fell on plaintiff and injured him. He testified that he had just turned to go back to his truck when he was struck by a falling object. The operator inside the log boom building was not harmed.

■ ■   Defendant claims that plaintiff was negligent in standing outside the log boom building while the boom was in operation. Contributory negligence does not bar recovery in an action under the ELL, but is a factor that the jury considers in determining damages.[3] Plaintiff does not complain about the fact that defendant alleged contributory negligence as an "affirmative defense." We see no need to discuss the propriety of the label in the pleadings. In reviewing the directed verdict against defendant, we view the evidence in the light most favorable to defendant. *Paulson v. Western Life Insurance Co.*, 292 Or 38, 40 n 1, 636 P2d 935 (1981); *D'Angelo v. Schultz*, 110 Or App 445, 451, 823 P2d 997. Defendant is entitled to all reasonable inferences supported by the evidence. *Resser v. Boise-Cascade Corporation*, 284 Or 385, 389, 587 P2d 80 (1978); *Callaghan v. Sellers*, 106 Or App 298, 300 n 1, 806 P2d 1176, *rev den* 311 Or 349 (1991).

Plaintiff testified that he had been around logging equipment all his life and that he had been to defendant's mill 15 to 20 times before the accident. On the approach to the deck is a sign that reads:

> "HARDHAT
> REQUIRED
> OVERHEAD
> TRANSPORT
> OF LOGS."

Plaintiff testified that drivers customarily help each other prepare their loads for attachment to the boom whenever there is a line of trucks waiting to unload. The record does not

---

[3] ORS 654.335 provides:

"The contributory negligence of the person injured shall not be a defense, but may be taken into account by the jury in fixing the amount of the damage."

indicate what drivers ordinarily do while the boom is operating. The jury could reasonably have concluded that it was unsafe to be outside while the boom was lifting logs. Plaintiff's location when the accident occurred was a fact question for the jury. The jury could have concluded that the warning sign and plaintiff's familiarity with logging equipment and defendant's mill gave him notice that he would have been safer waiting in his truck or in the log boom building. The jury could reasonably have concluded that he was negligent in remaining outside while the boom was lifting logs. The trial court erred by granting plaintiff's motion for a directed verdict on the contributory negligence issue.

■     Defendant also assigns error to the court's refusal to give its requested instructions.[4] We address the issue, only because it is likely to recur on remand. Defendant's requested instructions would bar recovery if plaintiff's negligence was more than 50%. Contributory negligence does not bar recovery under the ELL. It may only be considered as mitigating damages. *Snyder v. Prairie Logging Co., Inc.*, 207 Or 572, 578, 298 P2d 180 (1956). Defendant's requested instructions did not accurately state the applicable law.

The jury's verdict established defendant's liability and the amount of plaintiff's damages. Our decision does not disturb those findings. The issues on remand are: (1) Was plaintiff negligent and (2), if he was, how much should plaintiff's damages be reduced?

Judgment as to liability and damages affirmed; reversed and remanded on contributory negligence issue.

---

[4] Defendant requested UCJI No. 11.50, which provides, in part:

"The law provides for comparative negligence. This means that you are to determine each party's negligence, if any."

Defendant also requested UCJI No. 11.51, which provides, in part:

"If the plaintiff's [negligence] was greater than the defendant's [negligence], then the plaintiff is not entitled to a verdict in [his] favor. However, if the plaintiff's [negligence] was equal to or less than the defendant's [negligence], then the plaintiff is entitled to a verdict in the plaintiff's favor.

"In other words, if the plaintiff's [negligence] was more than 50%, then the plaintiff is not entitled to a verdict in the plaintiff's favor. On the other hand, if the plaintiff's [negligence] is 50% or less, then the plaintiff is entitled to a verdict in [his] favor."