MARIMAN,
*Appellant,*

*v.*

HULTBERG,
*Respondent.*

(43163; CA A35548)

728 P2d 919

Robert G. Ringo, Corvallis, argued the cause for appellant. With him on the briefs was Ringo, Walton, Eves & Stuber, P.C.

Gerald K. Petersen, Corvallis, argued the cause for respondent. With him on the brief was Petersen, Barker, and Newman.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Plaintiff brought this personal injury action for injuries he sustained when the car he was driving collided with a truck driven by defendant. The jury found for defendant. Plaintiff appeals, contending the instructions given by the trial court relating to negligence *per se* were erroneous. We affirm.

The collision occurred on December 25, 1983, at about 7:45 p.m. on a snowy road in Corvallis. Defendant was driving a three-quarter-ton pickup which was in four-wheel drive and was equipped with snow tires. He rounded a curve and headed south down a hill at about 25 to 30 miles per hour. Suddenly, the truck began to "fishtail" and slide across the road toward plaintiff's car, which was traveling toward defendant's truck in the northbound lane. Plaintiff pulled as far to the right as possible in an effort to avoid a collision. Defendant let up on the gas and tried to steer away from plaintiff's car, but the truck did not respond. It crossed the center line of the road and struck plaintiff's car. Plaintiff suffered a head injury from the impact and had a seizure at the scene of the accident.

Plaintiff alleged that defendant had violated *former* ORS 487.165,[1] requiring motorists to drive on the right-hand side of the road except under specified circumstances, and

---

[1] *Former* ORS 487.165 provided:

"(1) A driver commits the offense of failing to drive on the right if he fails to drive on the right half of a roadway of sufficient width, except:

"(a) When overtaking and passing another vehicle proceeding in the same direction under the rules governing this movement;

"(b) When preparing to turn left at an intersection, alley or private road or driveway;

"(c) When an obstruction or condition exists making it necessary to drive to the left of the center of the roadway, provided that a driver doing so shall yield the right of way to all vehicles traveling in the proper direction upon the unobstructed portion of the roadway within a distance as to constitute an immediate hazard;

"(d) Upon a roadway divided into three marked lanes for traffic under the rules applicable in it; or

"(e) Upon a roadway restricted to one-way traffic."

The statute has been repealed by Or Laws 1983, ch 338, § 978, and replaced by ORS 811.295, Or Laws 1983, ch 338, § 615).

*former* ORS 487.465,[2] the "basic rule." Plaintiff alleged that defendant's violation of the statutes was negligence *per se*.[3]

At trial, the court gave the following instruction concerning statutory negligence:

"In addition to common law negligence there is statutory negligence which consists of a violation of a statute that for the safety or protection of others requires certain conditions or forbids certain conduct. When I call your attention to such a statute or ordinance, a violation of that statute by a party constitutes negligence in and of itself, unless you find from all the evidence that such party has established that he was acting as a reasonably prudent person under the circumstances."

Plaintiff excepted to that instruction, stating:

"We would except to the Court giving 10.03, statutory negligence. 'When I call your attention to such a statute or ordinance, a violation of that statute by a party constitutes negligence in and of itself.' Then the Court added 'unless you find from all of the evidence that such party has established that he was acting as a reasonably prudent person under the circumstances.' We would except to the language 'unless you find * * *.' "

Plaintiff argues that defendant did not present enough evidence of the reasonableness of defendant's behavior under the circumstances to warrant instructing the jury on the "reasonableness" exception to statutory negligence. Defendant asserts that plaintiff failed to object to the jury instruction with the specificity required by ORCP 59H and that the objection cannot be considered on appeal, because its location in the trial court record is not set out in plaintiff's

---

[2] *Former* ORS 487.465 provided:

"(1) A person commits the offense of violating the basic speed rule if he drives a vehicle upon a highway of a speed greater than is reasonable and prudent, having due regard to the traffic, surface and width of the highway, the hazard at intersections, weather, visibility and any other conditions then existing."

The statute has been repealed by Or laws 1983, ch 338, § 978, and replaced by ORS 811.100, Or Laws 1983, ch 338, § 563.

[3] The parties do not dispute that the general rule in Oregon is that one who violates a statute is deemed negligent *per se* if the harm which occurred is of the type the statute was designed to prevent and if the injured party, like plaintiff here, was a member of a class which the statute was designed to protect. *Smith v. Portland Traction Co.*, 226 Or 221, 359 P2d 899 (1961).

appellate brief as required by ORAP 7.19(5).

■     ORCP 59H does require that objections to jury instructions be particularly stated:

> "No statement of issues submitted to the jury pursuant to subsection C(2) of this rule and no instruction given to a jury shall be subject to review upon appeal unless its error, if any, was pointed out to the judge who gave it and unless a notation of an exception is made immediately after the court instructs the jury. Any point of exception shall be particularly stated and taken down by the reporter or delivered in writing to the judge." ORCP 59H.

In the present case, plaintiff stated at trial that he "excepted" to that part of the instruction that concerns the exception to statutory negligence if a person acted reasonably under the circumstances. Plaintiff did not further explain his reasons for excepting. Although it might have been helpful to have more fully explained his objections, when the exception is considered in the general context of the trial and the particular language he objected to, we conclude that the trial judge was given a sufficient explanation of the substance of plaintiff's objection.

As to plaintiff's failure to set out the location of the objection in the trial record, it has not impeded our review or forced us to search the record.

■     If defendant submitted evidence from which the trier of fact could find that he was acting as a reasonably prudent person under the circumstances, his negligence was properly a jury question. *Barnum v. Williams,* 264 Or 71, 504 P2d 122 (1972). There was testimony concerning the slippery road conditions at the time and place of the accident. Further, there was evidence that defendant had snow tires, was in four-wheel drive, did not brake when he began to skid and tried to steer away from plaintiff's car. We conclude that the trial court was correct in determining that there was evidence from which the jury could conclude that defendant's behavior was reasonable under the circumstances and in giving the instruction.

Affirmed.