Argued and submitted July 22, 1987, reversed and remanded with instructions
April 20, 1988

# CERVANTES,
*Appellant,*

*v.*

# MATTSON,
*Respondent.*

## (L83-2802; CA A41628)

752 P2d 1293

Dean Heiling, Roseburg, argued the cause for appellant. With him on the briefs was Heiling & Morrison, P.C., Roseburg.

Rod Carter, Eugene, argued the cause for respondent. On the brief were Louis L. Kurtz and Luvaas, Cobb, Richards & Fraser, P.C., Eugene.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Plaintiff was injured when the automobile in which he was a passenger collided with a vehicle driven by defendant. Both vehicles were traveling southbound on Highway 99. Defendant attempted to pass the automobile in which plaintiff was riding by pulling into the northbound lane and increasing speed to approximately 55 miles per hour. The accident occurred in an intersection when plaintiff's driver attempted to turn left. At trial, plaintiff moved for a directed verdict on the issue of liability. He contends that defendant violated *former* ORS 487.205(1)(c),[1] which prohibited driving on the left side of the center of a two-way road "[a]t any intersection or railroad grade crossing." Plaintiff argues that defendant was therefore guilty of statutory negligence and that, because he offered no evidence from which it could be found that he was acting "as a reasonably prudent person under the circumstances," a directed verdict was appropriate. *Barnum v. Williams,* 264 Or 71, 78, 504 P2d 122 (1972). The trial court denied the motion, and the jury found, by special interrogatory, that defendant was not negligent. Plaintiff appeals and assigns as error the denial of his directed verdict motion. We reverse.

Defendant does not argue on appeal that he was not in violation of the statute. His contention is that he offered sufficient evidence of reasonable conduct to permit the trier of fact to find that he was not negligent. Defendant points to evidence that the

> "turning vehicle did not signal to make a left turn and defendant did not know about plaintiff's intention to turn left.[2] Moreover, the record shows the road was clear and dry, visibility was good, the roadway was straight with no obstructions, there was no on-coming traffic, there was no solid yellow 'no passing' line in defendant's lane and the intersection was a 'T' intersection comprised of a major north/south highway and a small residential access road."

Defendant relies, *inter alia,* on *Barnum v. Williams, supra,* where the court said:

---

[1] This statute was subsequently repealed, Or Laws 1983, ch 338, § 978, and replaced in material part by ORS 811.305(1)(c).

[2] No argument is made to us about comparative fault or the possible involvement of a second tortfeasor.

"We consider the present state of the law to be that if a party is in violation of a motor vehicle statute, such a party is negligent as a matter of law unless such party introduces evidence from which the trier of fact could find that the party was acting as a reasonably prudent person under the circumstances. We so hold regardless of whether the circumstances do or do not include facts which the law regards as an emergency.

"Another way of stating this is that the violation of a motor vehicle statute creates a presumption of negligence. When the evidence establishes that a party has violated a motor vehicle statute, such a party has the burden of producing evidence that, nevertheless, he was acting reasonably. Without such evidence the party is negligent as a matter of law. *Raz v. Mills,* 231 Or 220, 226-227, 372 P2d 955 (1962).

"If the party having such burden produces no evidence of reasonable conduct or the court finds the evidence produced is insufficient to prove reasonable conduct, the court must find the party negligent as a matter of law. If the party produces evidence which the court determines raises a question of fact whether the party acted reasonably, despite violation of the statute, then, the question of the party's negligence is for the jury."

*See also Mariman v. Hultberg,* 82 Or App 535, 728 P2d 919 (1986).

■ We agree with defendant that plaintiff incorrectly reads *Barnum* and *Mariman* as allowing "reasonable conduct" to be proved only by evidence that an emergency or other "occurrence" makes "compliance with the statute unreasonable, or difficult, or dangerous." However, we cannot agree with defendant's understanding that those cases contemplate that a person who has violated a traffic safety statute can rebut the presumption of negligence by evidence which shows nothing more than that he "reasonably" thought that no harm would result from his uncompelled, deliberate violation of the statute.

■ We said in *Reynolds v. Tyler,* 65 Or App 173, 177, 670 P2d 223 (1983), that decisions subsequent to *Barnum* have explained that the "presumption of negligence becomes *conclusive,* absent any 'adequate explanation' for the violation of the statute [citing *Resser v. Boise-Cascade Corporation,* 284 Or 385, 393, 587 P2d 80 (1978), and *Gray v. Lahl,* 284 Or 111,

115-17, 585 P2d 664 (1978)]." (Emphasis in original.) Defendant offered no adequate explanation for violating the statute. His explanation, instead, was that his violation occurred under circumstances which made injury less likely then if he had committed the same violation under different circumstances. He failed to rebut the presumption of negligence, and the trial court erred by denying plaintiff's motion for a directed verdict on liability.

Reversed and remanded for further proceedings not inconsistent with this opinion.