Argued and submitted June 3, affirmed November 13, 1996, petition for review denied February 4, 1997 (324 Or 560)

Beverly BARBER
and Dwight Barber,
Conservators of the Estate of
Angela D. Barber, an incapacitated
and protected person,
*Appellants,*

*v.*

Tom GEORGE,
Vicki Bertrand, David V. Wagner,
dba Emigrant Lake Country Store and Tavern,
and Does 1 through 4,
*Defendants,*

*and*

Leslie GEORGE
and Peggy George,
*Respondents.*

(94-4275-L-1; CA A90626)

927 P2d 140

Dennis H. Black argued the cause for appellants. With him on the briefs was Black, Chapman, Webber & Stevens.

Robert H. Grant argued the cause and filed the brief for respondents.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

**WARREN, P. J.**

Plaintiffs' daughter sustained injuries when the automobile she was driving was struck by an automobile driven by defendants' son, Tom. Plaintiffs brought this action as conservators of their daughter's estate, to recover damages for her injuries, seeking to hold Tom's parents vicariously liable for the negligence of their son under the family purpose doctrine or directly liable under the theory of negligent entrustment. The trial court granted defendants' motion for summary judgment and dismissed plaintiffs' claims. We affirm.

■      We review the record in the manner most favorable to plaintiffs to determine whether an objectively reasonable juror could return a verdict for them on the summary judgment evidence. ORCP 47 C; *Jones v. General Motors Corp.*, 139 Or App 244, 249, 911 P2d 1243, *rev allowed* 323 Or 483 (1996).

Sometime in March or April 1992, Tom obtained a job at his brother's auto body shop in Merlin, Oregon. Tom was 28 at the time and living with defendants. Because Tom had numerous previous convictions for driving under the influence of intoxicants and driving with a suspended license, his parents' insurance company refused to insure Tom and excluded him from coverage while driving any of his parents' vehicles. Defendants drove Tom to work. They encouraged him to obtain a restricted driver's license so that he could commute to work himself and paid the $75 license reinstatement fee. They also gave him $900 to make a down payment a vehicle. Tom purchased a Ford Bronco on October 1, 92. The certificate of title bore his name, as did the auto surance coverage for it. Tom's mother paid for the insurance with checks written from her personal account. After e accident, defendants completed the payments on the onco and ultimately had the title transferred to their ame.

Before trial, the court granted defendants' motion r summary judgment and entered judgment dismissing laintiff's claims on the grounds that

"there is no genuine issue as to any material fact with respect to the defendants' liability under the family purpose doctrine or as having controlled or owned the vehicle operated by defendant Tom George at the time of the accident * * *."

Plaintiffs assign error to the trial court's grant of summary judgment. In summary, plaintiffs argue first that genuine issues of material fact regarding key elements of the family purpose doctrine must be determined by a jury. Second, under their negligent entrustment claim, plaintiffs cite *Page v. Sparling*, 87 Or App 118, 741 P2d 535 (1987), and argue that we should impose liability here for the same reasons we did in *Page*. Defendants respond that the trial court was correct under both theories, because defendants neither owned the vehicle involved in the accident nor exercised any control over its use and thus cannot be held liable for the actions of their son.

■     The family purpose doctrine is based on the theory that an owner who maintains an automobile for the pleasure or convenience of the owner's family is liable if a member of the family negligently uses the car for pleasure or convenience with the knowledge and consent of the owner. *Kraxberger v. Rogers*, 231 Or 440, 450, 373 P2d 647 (1962).

■     This case turns on the element of ownership of the Bronco. Plaintiffs ask us to pierce the "veil of ownership" created by the certificate of title and to recognize defendants as the owners on the ground that they furnished the car for their son. They cite *Brown v. Stogsdill*, 682 P2d 1152 (Ariz App 1984), for the proposition that the family purpose doctrine supports the imposition of liability in this case because defendants are "beneficial" owners of the Bronco: they provided the financing for Tom to obtain a restricted license, the Bronco, and the requisite auto insurance. Defendants respond that their conduct, in accommodating their son, does not rise to the requisite level of ownership and control under the doctrine. Even assuming that plaintiffs are correct that defendants facilitated Tom's purchase of the vehicle,[1] we agree with defendants.

---

[1] Defendants presented evidence below that the money they gave their son for the down payment on the Bronco was a loan, and further, that he paid for the

At the time of the accident, the certificate of title to the Bronco was in Tom's name. Even accepting plaintiffs' evidence at face value does not establish that Tom's parents retained any ownership interest in, or control over the use of, the Bronco. At best, it establishes only that Tom's parents gave him the Bronco. That evidence, without more, fails to show ownership within the purview of the family purpose doctrine.

■ Moreover, *Brown* is distinguishable on legal principles from the doctrine as it is recognized in Oregon. In *Brown*, the court stated that a *prima facie* case under the doctrine is made out as follows:

> " '[T]here must be a family with sufficient unity so that there is a head of the family, the motor vehicle responsible for the injury must have been one "furnished" by the head of the family to a member of the family and this vehicle must have been used on the occasion in question by the family member with the implied or express consent of the head of the family for a family purpose.' [*Pesqueira v. Talbot*,] 7 Ariz. App. [476,] 480, 441 P.2d 73 [(1968)]." 682 P2d at 1154.

Arizona does not require a showing of ownership as does Oregon. We decline to expand the doctrine as plaintiffs urge us to.

■ Because plaintiffs failed to show that defendants owned, possessed or otherwise exercised control over the Bronco, their claim for negligent entrustment necessarily fails.

Plaintiffs' other arguments do not require discussion.

Affirmed.

---

liability insurance with his own money. His mother wrote checks for the insurance simply because he did not have a bank account.