Argued and submitted October 25, 2000, Springfield, affirmed June 27, 2001

Mayra MAQUIEL,
aka Myra Maquiel,
*Appellant,*

*v.*

Ryan ADKINS
and Mark Adkins,
*Respondents.*

16-98-01612; A105437

27 P3d 1050

Marianne Dugan argued the cause for appellant. With her on the briefs was Facaros Dugan Rosas.

John F. Kilcullen argued the cause for respondents. With him on the brief was Brown, Roseta, Long, McConville, Kilcullen & Carlson.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LINDER, J.

Landau, P. J., concurring.

Brewer, J., dissenting.

## LINDER, J.

This negligence action arose from an accident in which defendants' vehicle rolled into a lake and plaintiff, who was attempting to remove her daughter from the vehicle, was temporarily trapped underwater by the vehicle's door.[1] Plaintiff sought to prove that defendant was presumptively negligent under ORS 811.585(1) because he failed to park his vehicle in a manner consistent with the statute's requirements. On appeal, plaintiff challenges the trial court's denial of her motion for a directed verdict, arguing that the evidence established, as a matter of law, that defendant violated the statute and, therefore, was presumptively negligent. Plaintiff also challenges the trial court's instruction that, even if the jury found that defendant violated the statute, it could find that defendant was not negligent if it concluded that he acted reasonably under the circumstances. Defendant Mark Adkins cross-assigns error to the trial court's denial of his motion for a directed verdict. We affirm.

We state the facts in the light most favorable to defendant. *See Brown v. J. C. Penney Co.*, 297 Or 695, 705, 688 P2d 811 (1984) (on review of denial of a directed verdict, we consider all the evidence and view it in the light most favorable to the nonmoving party). In June 1996, plaintiff and her two daughters accompanied defendant and friends to Triangle Lake for recreational boating and fishing. Defendant drove an Isuzu Trooper and pulled a trailer carrying a small boat. Defendant parked the vehicle approximately 20 feet from the lake in a gravel lot that sloped slightly toward the water. The vehicle was left in that location, facing the lake, throughout the outing.

The group of friends spent at least two hours at the lake. At the end of the outing, members of the group carried the boat back to its trailer and began to load the vehicle for departure. Defendant was at the rear of the trailer, changing clothes, and the other members of the party were nearby.

---

[1] The defendants are Mark and Ryan Adkins, father and son. Mark Adkins's alleged liability is vicarious and is based on the family purpose doctrine. For ease of reference, we use "defendant" in the singular to refer to Ryan Adkins, the defendant whose alleged negligence was active.

Plaintiff, who was loading items into the open back door of the vehicle, told her five-year-old daughter to get into the vehicle because they were about to leave. The child entered through the open driver's-side front door and, two to three seconds later, the vehicle began to roll forward toward the lake.

■ Plaintiff ran to the front of the vehicle and attempted, unsuccessfully, to stop its movement. The vehicle rolled into the lake and largely submerged before coming to rest partly under a dock. Water pressure popped the windshield out of the vehicle, and the child floated to the surface. Plaintiff, however, was trapped on the lake bottom beneath the open driver's-side door. Another member of the party dived in several times to retrieve her, and she was brought up unconscious after at least two minutes under water. Plaintiff suffered a hypoxic injury to the brain as a result of oxygen deprivation. Upon awakening, she was disoriented and unsteady. Approximately two months later, she began suffering epileptic seizures, allegedly due to the hypoxic injury. Plaintiff brought this action, alleging that defendant was negligent in various respects in parking and leaving the vehicle unattended and that defendant's father was vicariously liable under the family purpose doctrine.[2]

At trial, defendant testified that, although he learned after the accident that the parking lot was slightly sloped, visually it appeared flat to him when he parked his vehicle there on the day of the accident. He testified that he had not turned the vehicle's wheels to either side and that he did not recall setting the vehicle's parking brake.[3] He did, however, place the transmission in first gear to prevent the vehicle from moving or rolling.

---

[2] That doctrine provides that an owner who maintains a vehicle for the leasure or convenience of the owner's family is liable if a member of the family negligently uses the car for pleasure or convenience with the knowledge and consent of the owner. *Barber v. George,* 144 Or App 370, 373, 927 P2d 140 (1996), *rev den* 324 Or 560 (1997).

[3] The parties dispute whether, viewing the evidence in the light most favorable to defendant, the record conclusively establishes that defendant did not set the parking brake or, alternatively, establishes only that defendant could not recall. Later in our analysis, we discuss that dispute and its significance to the issues on appeal.

Defendant Mark Adkins moved for a directed verdict, arguing that the evidence fails to establish that he should be vicariously liable under the family purpose doctrine. The court denied that motion. At the close of the evidence, plaintiff moved for a partial directed verdict, arguing that defendant was negligent, as a matter of law, because he violated the requirements of ORS 811.585(1) and had failed to present evidence from which a jury could find that his conduct was nevertheless reasonable under the circumstances. The trial court denied that motion as well. Later, the trial court instructed the jury that

> "[negligence *per se*] consists of the violation of a statute that for the safety or protection of others requires certain conduct or forbids certain conduct.
>
> "When I call your attention to any such statute, a violation of that statute by a party constitutes negligence in and of itself unless you find from all the evidence that such party proved that he was acting as a reasonably prudent person under the circumstances."

The court then instructed the jury as to the substance of ORS 811.585(1) and further instructed that the definition of highway, for purposes of that statute, includes a public parking lot. The jury was given a four-question verdict form. The court instructed the jury that, if it answered the first question in the negative, it should not answer the others. The first question was: "Were defendants negligent in one or more of the ways alleged in plaintiff's complaint and, if so, was such negligence a cause of damage to plaintiff?" The jury answered "no." In light of that answer, the jury did not answer the remaining questions on the verdict form. Consistently with the jury's verdict, the trial court entered judgment in favor of defendants.

■   On appeal, plaintiff first assigns error to the trial court's denial of her motion for a partial directed verdict on the issue of whether the evidence established conclusively that defendant violated ORS 811.585(1). In general terms, that statute requires that a person who is driving or in charge of a motor vehicle take certain actions to secure the vehicle when it is left "unattended" on a highway, which includes a

parking lot.[4] Allegedly, defendant violated the statute in two ways: (1) by not setting the vehicle's emergency brake, which the statute requires whenever a vehicle is left unattended; and (2) by not turning the front wheels of his vehicle "to the curb or side of the highway," which the statute requires when an unattended vehicle is left on "any grade." ORS 811.585(1)(a)(B) and (E). On appeal, plaintiff argues that the evidence established conclusively all of the following: that defendant left the vehicle unattended; that he left it on a slope; that he did not turn the vehicle's front wheels; and that he did not set the vehicle's emergency brake.

Defendant responds that plaintiff failed to argue to the trial court that the vehicle was unattended as a matter of law, that the trial court therefore correctly denied plaintiff's motion, and that plaintiff improperly advances that argument for the first time on appeal. We agree. We consistently have emphasized the two fundamental purposes underlying appellate preservation of error requirements:

"First, the requirement that an issue be presented to the lower tribunal in order for it to be raised on appeal serves to prevent error. If the first tribunal is given the opportunity to make a ruling, its ruling may well be correct. Relatedly, it would be a disservice to the economy of the process to require the lower tribunal to conduct further proceedings in order to rectify an error that it was never given the initial opportunity to avoid.

"The second reason is that requiring a party to present its issues at each adjudicative level is essential to a fair process for the other parties and participants. Generally, the opportunity to respond at the appellate level does not

---

[4] ORS 811.585(1) provides, in part:

"A person commits the offense of failure to secure a motor vehicle if the person is driving or is in charge of a motor vehicle and:

"(a) The person permits the vehicle to stand unattended on a highway without first doing all of the following:

"(A) Stopping the engine.

"(B) Turning the front wheels to the curb or side of the highway when standing upon any grade.

"(C) Locking the ignition.

"(D) Removing the key from the ignition.

"(E) Effectively setting the brake on the vehicle[.]"

cure the denial of that opportunity in trial court and agency proceedings, where all of the factual and much of the legal development of cases must occur."

*J. Arlie Bryant, Inc. v. Columbia River Gorge Comm.*, 132 Or App 565, 568, 889 P2d 383, *rev den* 321 Or 47 (1995). *See also State v. Doern*, 156 Or App 566, 579, 967 P2d 1230 (1998), *rev den* 328 Or 666 (1999) (Landau, J., dissenting) (describing preservation inquiry as: "Did the trial court have a realistic opportunity to make the right call?").

In making the motion below, plaintiff summarily argued that she was entitled to a directed verdict on the issue of whether the statute was violated because defendant admitted that the parking lot was sloped, he admitted that he did not turn the vehicle's wheels to one side, and he did not recall setting the parking brake. Plaintiff did not assert that, as a matter of law, the evidence also established that the vehicle was unattended, as the statute requires. Immediately before plaintiff moved for a partial directed verdict, the parties and the court discussed the instructions that the court would give regarding the statute's requirements. Defendant argued that the jury should decide, among other disputes, whether the vehicle was "unattended" as the statute requires. Plaintiff voiced no disagreement. The court specifically concluded that whether the vehicle was unattended was a question to be decided by the jury. After those discussions of the jury instructions, plaintiff moved for a partial directed verdict and did not assert, as she does now, that the evidence established as a matter of law that the vehicle was unattended. Under the circumstances, plaintiff's position in that regard not only is unpreserved but, arguably, was affirmatively waived. In all events, we will not consider her expanded argument for the first time on appeal. Given the trial court's determination that a jury question was presented on the issue of whether the vehicle was unattended, and plaintiff's failure to disagree on that point, denial of the motion for partial directed verdict was proper.

■ In her second assignment of error, plaintiff contends that defendant did not produce enough evidence to support an instruction to the jury that, in determining whether

defendant was negligent, it could consider whether defendant acted reasonably notwithstanding any violation of the statute. Plaintiff's position is that to support such an instruction, a defendant must come forward with evidence that the defendant violated the statute due to circumstances beyond his control or circumstances that provide some similar justification for the violation. Defendant, in response, asserts that plaintiff has unduly restricted the evidence that can give rise to a jury question on the issue. According to defendant, a defendant's burden is satisfied if the defendant produces evidence of any reasonable, plausible explanation for violating a statute.

The lead case, upon which both parties rely, is the Supreme Court's decision in *Barnum v. Williams*, 264 Or 71, 504 P2d 122 (1972). In *Barnum*, the Supreme Court reaffirmed "our deeply-rooted tradition that fault is the basis of liability in tort" and declined to view the motor vehicle code as displacing that principle. 264 Or at 74-75. The court clarified that "the violation of a motor vehicle statute creates a presumption of negligence," one that a defendant may rebut by "producing evidence that, nevertheless, he was acting reasonably," in which case "the question of the party's negligence is for the jury." *Id.* at 79.[5]

■    Contrary to plaintiff's position, nothing in *Barnum* or the cases decided in its wake requires that a defendant be unable to comply with a statutory requirement as a result of

---

[5] *Barnum*, in turn, led to the adoption of the Oregon Uniform Civil Jury Instruction (UCJI) on statutory negligence, which the challenged instruction in this case followed. UCJI 20.05 states:

"In addition to common-law negligence, there is statutory negligence, which consists of the violation of a statute or ordinance that, for the safety or protection of others, requires certain conduct or forbids certain conduct.

"When I call your attention to any such statute or ordinance, a violation of that statute or ordinance by a party constitutes negligence in and of itself [unless you find from all the evidence that such party proved that (he/she) was acting as a reasonably prudent person under the circumstances]."

The comment to UCJI 20.05 cites *Barnum*, observing that "[t]he bracketed phrase is appropriate when the court rules that evidence produced is sufficient to create a question for the jury whether the party acted reasonably despite violation of the statute." The trial court in this case included the bracketed portion of the instruction, over plaintiff's objection.

an emergency or other extenuating circumstance. *Barnum* specifically disavowed any such limitation:

> "We consider the present state of the law to be that if a party is in violation of a motor vehicle statute, such a party is negligent as a matter of law unless such party introduces evidence from which the trier of fact could find that the party was acting as a reasonably prudent person under the circumstances. We so hold regardless of whether the circumstances do or do not include facts which the law regards as an emergency."

264 Or at 78-79. Relying on *Barnum*, our court likewise has rejected the proposition that negligence presumed from a statutory violation can be overcome only by evidence of an emergency or other circumstance that made compliance with the statute unreasonable, difficult, or dangerous. *Cervantes v. Mattson*, 90 Or App 574, 577, 752 P2d 1293 (1988). The Supreme Court's essential holding in *Barnum* was that, despite a motor vehicle code violation, fault is for the jury to decide when the evidence would permit reasonable minds to differ. In so holding, the court expressly acknowledged that "[o]n occasion it will be difficult to decide whether to submit the issue to the jury." *Barnum*, 264 Or at 79. But the court viewed both the task and the standard as no different from deciding to submit any other question of negligence to a jury. *Id.* In effect, the burden on a defendant is not an exceptional one but is satisfied whenever the evidence is such that a jury could say on the basis of its common sense and common experience that, although the defendant violated a motor vehicle statute, the defendant nevertheless acted as a reasonably prudent person might under the particular circumstances involved. *Id.* at 76, 79.[6]

---

[6] In repeatedly stating that a defendant must produce evidence to establish that he was unable to comply with the statute through "no fault of his own," the dissent declares a standard that assumes away, at least in part, the inquiry that *Barnum* entrusted to the factfinder. 175 Or App at 64, 65, 66, 67 (Brewer, J., dissenting). Under *Barnum*, the question is not how the jury will or should resolve the issue of a defendant's reasonableness. The question is only whether there is evidence from which a jury *could* find that a defendant acted reasonably given all of the circumstances. The dissent does not identify what kind of evidence will suffice to establish that a statutory violation occurred through no fault of a defendant's own, but the clear suggestion is that the violation must have been due to some external circumstance that was beyond a defendant's control. If that is so, the dissent has narrowed the range of circumstances that a jury may consider, contrary to the express holdings in *Barnum* and *Cervantes*.

■ We therefore turn to the evidence in this case to determine whether it was such that a jury could find defendant's conduct to be reasonable under the circumstances. Because the issue here involves the correctness of the instruction that defendant requested and that the trial court gave, we view the evidence in the light most favorable to the giving of the instruction. *See State v. Boyce*, 120 Or App 299, 302, 852 P2d 276 (1993).

As we earlier described, defendant allegedly violated the statute by leaving his vehicle unattended without setting its emergency brake and by leaving it on a slight slope without turning the vehicle's front wheels "to the curb or side of the highway," the latter of which the statute requires when a vehicle is left on "any grade." ORS 811.585(1)(a)(B) and (E). Here, the evidence is undisputed that defendant did not turn the front wheels of the vehicle. The evidence also is undisputed that the area of the parking lot where defendant left his vehicle was gently sloped and that defendant could not recall setting the parking brake. On that basis, plaintiff argues that defendant's conduct amounted to nothing more than an "uncompelled, deliberate violation of the statute" that, without more, will not permit a jury to find that the violation of the statute was reasonable. *See Cervantes*, 90 Or App at 577.

■ The record, however, permits an inference more favorable to defendant than plaintiff describes. We begin with defendant's conduct in failing to turn his vehicle's wheels to one side. At the outset, it is worth emphasizing that defendant parked his vehicle in a public parking lot, not to the side of a public road. Granted, the statute's application to "highways" encompasses this public parking lot. *See ORS* 801.305 (defining highway to include public places open and used by the public for vehicles or vehicular traffic as a matter of right). But the fact that the vehicle was in a parking lot is important because the statutory requirement of turning a vehicle's front wheels "to the curb or side of the highway" takes on uncertain significance in that setting. As the testimony and photographs of the area demonstrate, no curbs existed. The parking lot was a large, open space consisting mostly of gravel and grass with ill-defined borders. Arguably, the wheels were pointed in the direction of one of the parking

lot's several "sides" no matter which direction they faced. Indeed, plaintiff's own expert witness, who described steps that should be taken in a parking lot to avoid movement of an unattended vehicle, agreed that he would not turn his wheels in an area of that kind. No other witness testified that turning the front wheels of defendant's vehicle would have prevented the vehicle from rolling. Thus, although the evidence established that defendant did not "turn" the wheels of his vehicle, the jury was not obligated to find that the failure to do so was a statutory violation in this circumstance. Alternatively, even if the jury found a violation, the jury might view the statute's requirements in such a setting to be too uncertain to view defendant's conduct as amounting to a deliberate or knowing disregard of the statute's requirements. Finally, based both on the testimony and the jury's common experience, it might find that compliance with the statute in such an area would not prevent a vehicle from rolling.

Even if defendant's failure to turn his wheels technically violated the statute, the evidence gave rise to a factual question as to the reasonableness of his conduct in not doing so for a second reason. The parking lot was sloped; there is no dispute on that point. On this record, however, a factual question existed as to whether a reasonable person would *perceive* it to be sloped. Defendant's expert witness, a professional surveyor, measured the area as having less than a two-degree slope, which he described as "very little" and "[v]ery minor per foot." Several witnesses, including defendant, described the area as visually flat. Defendant specifically testified that, at the time in question, he was unaware of the parking lot's slope and that, when he pulled up and parked there, the area where he parked appeared "really pretty flat. I mean flat." Other witnesses testified similarly, and the evidence included photographs of the area from which the jury could draw its own conclusions. In faithfulness to our obligation to give defendant the benefit of that evidence and any and all inferences that it reasonably could support, we must conclude that a jury could find that the area was sufficiently flat that a reasonable person would not perceive its slight slope and would not understand the statute's wheel-turning requirement to apply.

For all of those reasons, this simply is not a case, as plaintiff attempts to characterize it, in which the only inference to be drawn from the evidence was that defendant consciously disregarded the statute's requirements and any harm that might come from a violation. Rather, giving defendant the full benefit of the evidence, the jury could conclude that a reasonable person in these circumstances would not—as defendant did not—turn the vehicle's wheels.

■     The remaining issue is whether defendant presented sufficient evidence to create a jury question on the reasonableness of his conduct in not setting the emergency brake. As a threshold matter, the parties dispute whether the only conclusion that the jury could draw on this record is that defendant did not set the brake or whether the jury could find that the evidence on the point failed to establish what action defendant took in that regard. At the time of trial, when asked if he set the emergency brake, defendant's answer was "I honestly don't know." He confirmed several times that he could not remember. Defendant did acknowledge, however, that in a prior deposition, when asked if he had set the emergency brake, he had answered, "My recollection, no, I didn't."

For present purposes, we are willing to assume that the only reasonable conclusion for the jury to draw on this record was that defendant did not set the emergency brake.[7] Even with that assumption, however, our standard of review requires us to give defendant the most favorable view of the record possible. So viewing it, defendant's recollection was hazy and he had a limited memory of whether he set the emergency brake. He was certain, however, that he had placed the vehicle in first gear. As he further testified, he did

---

[7] We do so only for the sake of argument because, at trial, plaintiff took a different view of the evidence. In making the motion for a partial directed verdict, plaintiff asserted only that the evidence established that defendant did not recall setting the parking brake. Plaintiff did not argue that the jury was obligated to find that the parking brake was not set. Were the distinction significant to our analysis, we would conclude that plaintiff's more narrow view of the evidence on appeal was not presented to the trial court and is not preserved.

not think that an emergency brake had to be set when a vehicle was parked on flat ground. At the least, a jury could conclude from the evidence that defendant did not make a conscious and deliberate choice not to set the emergency brake and that he consciously did take the precautionary step of placing the transmission in first gear. There was ample testimony by lay and expert witnesses alike that, under those circumstances, leaving the vehicle parked in first gear would prevent it from rolling. Indeed, the evidence is undisputed on that point. Even plaintiff's own witness agreed that the only way the vehicle would roll with the transmission set in first gear is if someone took it out of gear.

From that evidence, the jury could find all of the following: Defendant parked his vehicle in an area that he reasonably thought was flat; defendant did not set his emergency brake; defendant's conduct in not setting the emergency brake was one of inadvertence rather than conscious and deliberate decision to forgo setting it; that defendant, although inadvertently failing to set the brake, deliberately took an alternative safety measure that was fully adequate to prevent the vehicle from rolling and that in fact did prevent it from rolling for two to three hours until someone other than defendant took the transmission out of gear.

Contrary to plaintiff's position, this case is not like *Cervantes*, in which we held that the defendant's evidence was inadequate to rebut the presumption of statutory negligence. There, the evidence established conclusively that the defendant violated a statute forbidding passing on the left in an intersection. More to the point, the evidence established that, as the defendant approached the particular intersection in question, he made the conscious choice to pass the vehicle ahead of him by moving into the left lane as he proceeded into and through the intersection. In other words, the defendant deliberately engaged in the conduct that violated the statute. In the process, he took no alternative, different, or additional precautions (assuming any existed) to do so safely. His only explanation for his conduct was that he assumed, contrary to what happened, that the car he was passing would not turn left at the intersection. We described the circumstances as

involving an "uncompelled, *deliberate*" violation of the statute, one in which the defendant's only excuse for the violation was that he thought an accident was not likely under the circumstances. *Cervantes*, 90 Or App at 577-78 (emphasis added).[8]

Our decision in *Torres v. Pacific Power and Light*, 84 Or App 412, 734 P2d 364, *rev dismissed* 304 Or 1 (1987), is much closer to this case than is *Cervantes*. In *Torres*, a utility "safety watcher" failed to comply with state safety regulations that required him to keep a continuous and uninterrupted watch over workers in situations in which their close proximity to power lines and similar electrical hazards might endanger them. The rules further provided that a safety watcher must not be distracted or leave the vicinity without stopping the work or putting someone else on safety watch. The case arose because a safety watcher standing three feet away from the plaintiff became distracted and looked away while the plaintiff attempted to thread a metal rod into a section of fence. The plaintiff inadvertently touched the rod to an energized electrical bus bar and was seriously injured by electrical shock.

The safety watcher in *Torres* could not recall specifically what distracted him from his watch; he knew only that some other activity or concern at the electrical plant drew his attention. We concluded that, as a matter of law, the safety watcher's conduct violated the safety regulations. *Id.* at 416-17. We further concluded, however, that the reasonableness of the safety watcher's conduct was properly submitted to the jury based on the evidence that, when the distraction occurred, the plaintiff was not holding anything that could contact the energized bus bar and that the safety watcher had warned the plaintiff about the energized bus bar several times during the day. *Id.* at 417.

---

[8] Judge Landau concurs on the ground that he would overrule *Cervantes* and would conclude that *Barnum* imposes no qualifications or limitations on the type of evidence on which a defendant may rely in proving the reasonableness of conduct that violates a motor vehicle statute. 175 Or App at 60 (Landau, P. J., concurring). Because this case is distinguishable from *Cervantes*, it does not provide us with an opportunity to overrule it.

The key distinction between *Torres* and *Cervantes* is the deliberateness of the conduct in *Cervantes*, as opposed to its inadvertent nature in *Torres*. Moreover, in *Torres*, the prior warnings to the plaintiff throughout the day served as an alternative safety precaution on the safety watcher's part. Similarly, the fact that the plaintiff was not holding anything that could cause the hazard at the moment of the distraction was a circumstance from which a jury might conclude that it was reasonable for the safety watcher to divert his attention to some other possible source of concern. Thus, even though the safety watcher's conduct in *Torres* unquestionably violated the statute, we concluded that the reasonableness of the watcher's conduct was at least a jury question under those circumstances. *Id.*[9]

In our view, this case not only is analogous to *Torres*, but it presents stronger facts for a jury question on the reasonableness of defendant's conduct. Viewing the record most favorably to the giving of the challenged instruction, defendant not only reasonably believed—due to the seemingly flat parking lot—that there was little chance of the vehicle rolling, he took *affirmative* action to prevent it from doing so, in the form of an alternative safety measure. The jury could find on this record that the alternative measure was fully adequate to prevent the vehicle from rolling, at least without the intervention of someone else's action. This case is also stronger than *Torres* and distinguishable from *Cervantes* by virtue of defendant's belief—one that a jury might consider *reasonable* even if legally wrong—that an emergency brake did not have to be set when leaving a vehicle in what he reasonably perceived to be a flat parking lot. And finally, this case differs from *Cervantes* and is like *Torres* because, here, a jury could conclude that defendant did not act deliberately

---

[9] The dissent's effort to distinguish *Torres* is unpersuasive. The dissent contends only that, in *Torres*, the "safety watcher's testimony did address the *reason why*" he failed to keep a constant watch over the employee that he was supervising. 175 Or App at 65 (Brewer, J., dissenting) (emphasis in original). To the contrary, the defendant in *Torres* admitted without qualification that he did not recall why he became distracted. At most, he speculated as to why he *may have* done so. Such testimony cannot fairly be characterized as supplying a "reason" for why his attention was diverted. *Torres* simply is not meaningfully distinguishable on that or any other basis.

and that, instead, he unwittingly failed to set the vehicle's parking brake.

In sum, with respect to either or both of the statute's requirements that defendant allegedly violated, viewing the evidence in the light most favorable to the instruction, even if the jury concluded that defendant violated a motor vehicle code requirement, it could conclude further that defendant nevertheless exercised reasonable care under the circumstances. That is not the only conclusion that a jury might draw, but it is a permissible one. Thus, the evidence gave rise to a jury question in that regard. Consequently, the trial court correctly gave the challenged portion of the jury instruction.[10]

Affirmed.

**LANDAU, P. J.,** concurring.

At issue in this case is the extent to which a defendant may rebut a presumption of statutory negligence. In *Barnum v. Williams*, 264 Or 71, 78, 504 P2d 122 (1972), the Supreme Court stated that:

> "We consider the present state of the law [of negligence *per se*] to be that if a party is in violation of a motor vehicle statute, such a party is negligent as a matter of law unless such party introduces evidence from which the trier of fact could find that the party was acting as a reasonably prudent person under the circumstances."

The court imposed no limitations on the sort of evidence on which a defendant may rely in rebutting the presumption of negligence; said another way, the court articulated no category of conduct that is, as a matter of law, unreasonable.

Both the lead opinion and the dissent nevertheless assert that there exist such categories of conduct that are unreasonable as a matter of law. The lead opinion asserts that an "uncompelled, deliberate" violation of a statute is such a category of conduct that is unreasonable as a matter of law. The dissent asserts that, unless a defendant can produce evidence of a "legitimate excuse," such as a distraction or

---

[10] In light of this disposition, we need not reach defendant Mark Adkins's cross-assignment of error.

some other external event, the conduct is unreasonable as a matter of law.

With respect, I think that both the lead opinion and the dissent are mistaken. The creation of limits on the type of evidence that a jury can consider in determining the reasonableness of a defendant's conduct in a negligence *per se* case cannot be reconciled with *Barnum*, which mentions no such limits. Moreover, the creation of such limits cannot be reconciled with subsequent Supreme Court case law, in particular, *James v. Carnation Co.*, 278 Or 65, 562 P2d 1192 (1977).

In *James*, the plaintiff drove her automobile into the rear of the defendant's disabled truck, which was parked in a paved area to the right of three lanes marked for normal traffic on Highway 26, without any emergency lights on. The plaintiff claimed that the defendant's failure to turn on its emergency lights amounted to negligence *per se*, while the defendant claimed that the plaintiff's failure to stay in a lane of traffic constituted negligence *per se*. The plaintiff attempted to offer evidence—including still photos and a movie—that, at that point on the highway, motorists commonly veered from the marked lane of traffic and into the area across the fog line. The defendant objected to the admissibility of the evidence. The Supreme Court held that the evidence was admissible. The court acknowledged that, in a prior decision, it had held such evidence inadmissible, but it held that *Barnum* changed things:

> "In *Savage, Adm'x v. Palmer et al*, 204 Or 257, 272, 280 P2d 982 (1955), we held that evidence showing others to have violated certain traffic control signs was not relevant to the issue of whether the defendant was liable in a negligence action because of a violation of the same traffic control signs. At the time *Savage* was decided, the violation of the statute was considered to be negligence per se. The violation of a safety statute now carries the presumption of negligence but the party so charged may overcome the presumption by offering evidence of reasonable conduct."

*James*, 278 Or at 78. Thus, in *James*, the court held that a defendant may rely on evidence of custom in attempting to establish the reasonableness of its conduct, whether or not the conduct was deliberate or subject to a "legitimate excuse."

In asserting that a deliberate decision to violate a traffic statute cannot be reasonable as a matter of law, the lead opinion relies on our decision in *Cervantes v. Mattson*, 90 Or App 574, 577, 752 P2d 1293 (1988). That is, indeed, what *Cervantes* says. The problem is that that decision cannot be squared with either *Barnum* or *James* and should be overruled.

In asserting that, in the absence of a "legitimate excuse," a violation of a traffic statute is negligence as a matter of law, the dissent relies on prior decisions of this court in which legitimate excuses were held sufficient to create a jury question. To begin with, it does not follow that, because prior cases regarded certain evidence as *sufficient*, that evidence is *necessary*. Moreover, at least one of those prior cases, *Torres v. Pacific Power and Light*, 84 Or App 412, 734 P2d 364 (1987)—to say nothing of *Barnum* and *James*—cannot be reconciled with the dissent's proposed rule.

In *Torres*, the plaintiff was injured while installing a chain link fence when he lifted a metal tension rod overhead and the rod touched an electric power source. He claimed that the defendant, his employer, was negligent *per se*, because the employer violated a safety rule requiring the "safety watcher" to maintain a constant watch during the installation. The employer offered evidence that the safety watcher had been distracted at the moment of the accident. It also offered evidence that, at the time the safety watcher turned away, the plaintiff was not holding anything that could contact the power source. Finally, there was evidence that the safety watcher had warned the plaintiff about the power source several times during the day. We concluded that *all* of that evidence—not just the distraction—was sufficient to create a jury question as to the reasonableness of the employer's conduct. *Id.* at 417.

In short, *Barnum* imposes no qualifications on the type of evidence on which a defendant may rely in proving the reasonableness of conduct that violated a traffic statute, and I would not create any such qualifications.

In all other respects, I join the lead opinion.

**BREWER, J.,** dissenting.

Plaintiff contends that the trial court erroneously instructed the jury that the reasonableness of defendant's conduct could excuse his violation of ORS 811.585(1),[1] which prohibits failure to secure a motor vehicle that is permitted to stand unattended on a highway. Despite its assumption that defendant violated the statute in at least one respect, the lead opinion holds that the jury was properly instructed that it could consider the reasonableness of defendant's conduct in deciding whether he was negligent. Because I believe that the lead opinion's holding significantly erodes the doctrine of negligence *per se* under Oregon law, I respectfully dissent.

Plaintiff's complaint alleged that defendant was negligent in various respects in parking and leaving the vehicle unattended. The trial court instructed the jury that:

> "[Negligence *per se*] consists of the violation of a statute that for the safety or protection of others requires certain conduct or forbids certain conduct.
>
> "When I call your attention to any such statute, a violation of that statute by a party constitutes negligence in and of itself unless you find from all the evidence that such party proved that he was acting as a reasonably prudent person under the circumstances."

According to plaintiff, the evidence did not support giving the portion of the instruction that permitted the jury to determine if defendant was acting as a reasonably prudent person under the circumstances. Defendant disagrees. The parties each rely on *Barnum v. Williams*, 264 Or 71, 504 P2d 122

---

[1] ORS 811.585(1) provides, in part:

"A person commits the offense of failure to secure a motor vehicle if the person is driving or is in charge of a motor vehicle and:

"(a) The person permits the vehicle to stand unattended on a highway without first doing all of the following:

"(A) Stopping the engine.

"(B) Turning the front wheels to the curb or side of the highway when standing upon any grade.

"(C) Locking the ignition.

"(D) Removing the key from the ignition.

"(E) Effectively setting the brake on the vehicle[.]"

(1972), in support of their respective positions. In *Barnum*, the court considered the present state of the law to be

> "that the violation of a motor vehicle statute creates a presumption of negligence. When the evidence establishes that a party has violated a motor vehicle statute, such a party has the burden of producing evidence that, nevertheless, he was acting reasonably. * * *
>
> "If the party having such burden produces no evidence of reasonable conduct or the court finds the evidence produced is insufficient to prove reasonable conduct, the court must find the party negligent as a matter of law. If the party produces evidence which the court determines raises a question of fact whether the party acted reasonably, despite violation of the statute, then, the question of the party's negligence is for the jury." *Id.* at 79.

The lead opinion acknowledges, at least for purposes of argument, that the evidence established without contradiction that defendant violated the statute by failing to set the parking brake when he parked his vehicle. However, it accepts defendant's premise that his explanation for his failure to comply with the statute was sufficient to permit the jury to consider its reasonableness. Defendant argues that, assuming the parking brake was not set, the violation is explained by the fact that the parking lot was nearly flat and the vehicle was put into first gear to prevent it from rolling. Plaintiff contends, on the other hand, that the question of whether a defendant's unlawful conduct nonetheless was reasonably prudent should be decided by a jury only if the defendant's evidence provides a legitimate excuse for not complying with the statute. According to plaintiff, the evidence in this case did not establish such an excuse. Plaintiff is correct.

Most nearly on point is our decision in *Cervantes v. Mattson*, 90 Or App 574, 752 P2d 1293 (1988). In *Cervantes*, the defendant attempted to pass the plaintiff's vehicle on the left at a T-intersection. The plaintiff turned at the intersection, and the vehicles collided. The plaintiff alleged negligence *per se*, based on the defendant's violation of the statute prohibiting passing at an intersection. The defendant did not

dispute that he had violated the statute. Instead, he produced evidence that the plaintiff did not signal before turning, that the road was clear, dry, and straight, that there was no oncoming traffic, and that the intersecting road was a minor residential road connecting to a major highway. We held that the defendant had not presented sufficient evidence to show that his conduct was reasonable.

"[W]e cannot agree * * * that a person who has violated a traffic safety statute can rebut the presumption of negligence by evidence which shows nothing more than that he 'reasonably' thought that no harm would result from his uncompelled, deliberate violation of the statute.

"* * * [D]ecisions subsequent to *Barnum* have explained that the 'presumption of negligence becomes *conclusive,* absent any "adequate explanation" for the violation of the statute.' *Defendant offered no adequate explanation for violating the statute. His explanation, instead, was that his violation occurred under circumstances which made injury less likely [than] if he had committed the same violation under different circumstances.* He failed to rebut the presumption of negligence, and the trial court erred by denying plaintiff's motion for a directed verdict on liability." *Cervantes,* 90 Or App at 577-78 (citation omitted; first emphasis in original, second emphasis added).

An excuse for a statutory violation that warrants jury consideration of the reasonableness of the defendant's conduct must show, if believed, that the violation occurred without the defendant's fault. In *Gray v. Lahl,* 284 Or 111, 585 P2d 664 (1978), the defendant admitted at trial that an injury-producing accident occurred because, in violation of *former* ORS 483.444, *repealed by* Or Laws 1983, ch 338, § 978, his truck's brakes were defective. In light of the undisputed statutory violation, the court held that, in order to create a jury issue, "defendant must show a 'legitimate excuse' for [the] statutory violation, as by testimony that the failure of the brakes was sudden, unexpected and without previous warning." *Id.* at 117. Because the defendant offered no such evidence, the court held that the trial court erred in denying the plaintiff's motion for a directed verdict on the issue of liability. *Id.* at 117-18.

By contrast, in the following cases, the court held that excuses showing that the defendant failed to comply with a statute through no fault of his or her own were legitimate and, thus, were sufficient for jury consideration. *See Weitzel v. Wingard*, 274 Or 185, 190, 546 P2d 121 (1976) (holding that the defendant's excuse that he was on the wrong side of the road because of the defective condition of his vehicle was sufficient for jury consideration; the evidence permitted the jury to find that the defendant was not at fault for the defective condition); *Freund v. DeBuse*, 264 Or 447, 451, 506 P2d 491 (1973) (holding that evidence that the defendant had attempted to maintain brakes was sufficient to allow jury to consider reasonableness of violation of statute requiring defendant to maintain brakes); *Mariman v. Hultberg*, 82 Or App 535, 539, 728 P2d 919 (1986) (holding that the defendant's evidence that snow on road thwarted his attempt to avoid crossing center line was sufficient to allow jury to determine whether conduct in violation of statute requiring driver to remain on right-hand side of road was reasonable).

The foregoing decisions point to a single conclusion in this case: because defendant offered no evidence that his failure to set the parking brake occurred through no fault of his own, his excuse was not legitimate, and the trial court should not have given the challenged portion of the jury instruction on statutory negligence. In reaching a different conclusion, the lead opinion relies heavily on *Torres v. Pacific Power and Light*, 84 Or App 412, 734 P2d 364 (1987). In *Torres*, the defendant's employee was required by *former* OAR 437-84-029[2] to maintain constant watch over the plaintiff during installation of a chain-link fence in and around an electrical substation. While lifting a metal rod, the plaintiff touched the rod to an energized bus bar and was seriously injured by electric shock. The safety watcher did not observe the accident because he had turned away less than a minute earlier. The safety watcher testified that he looked away from the plaintiff because his attention "was drawn to something" that distracted him, although he could not recall with confidence what the distraction was.

---

[2] *Former* OAR 437-84-029 was renumbered in 1989 as OAR 437-003-0145.

"A.   Any number of things could have drawn my attention because I was responsible for the plant. I was responsible for three men on the deck. It was my idea to know where all three were. I could see two. The change in the hum of the transformer would have drawn my attention. A bug in the generator would have drawn my attention. If someone were to drop a wrench on the deck it would have drawn my attention.

"Q.   Did any of those things occur to the best of your recollection?                    .

"A.   I would say the best thing that could have caught my attention would be a bump in the generator if we were running rough.

"Q.   But you can't really recall today?

"A.   I cannot." *Torres*, 84 Or App at 417.

The plaintiff moved for a directed verdict based on the safety watcher's admitted violation of *former* OAR 437-84-029. The trial court denied the motion. The court gave the jury an instruction modeled on Uniform Civil Jury Instruction (UCJI) 20.05, and the jury returned a verdict for the defendant. On appeal, the plaintiff argued that the defendant submitted no evidence explaining why the safety watcher violated *former* OAR 437-84-029 from which the jury could have found that the violation was reasonable. We disagreed and affirmed. Although the testimony that "something" drew the safety watcher's attention may have been only minimally sufficient, *cf. id.* at 418 (Rossman, J., dissenting), the safety watcher's testimony did address the *reason* why he violated *former* OAR 437-84-029. We held that he provided a legitimate excuse for his violation of the rule. Whether the excuse was reasonable was left for the jury to decide.

By contrast, in this case, defendant offered no evidence suggesting that he was distracted or otherwise failed for some reason to comply with the statute through no fault of his own. Instead, he argues that his own safety measures provided an adequate substitute for statutory compliance. *Torres* does not speak to that issue at all and, for that reason, is distinguishable from the circumstances here. Having said that, I do not pretend that the result in *Torres* is easily harmonized with the other cases cited above. In upholding jury

consideration of a minimally explained distraction as a possible excuse for violation of a safety rule, we arguably permitted the jury in *Torres* to *speculate* about the reasonableness of the defendant's conduct, something we had not done before nor have we done since. If factual differences were not sufficient to reconcile the cases, I would repudiate *Torres*, because it represents our most extreme application to date of the "legitimate excuse" exception to the doctrine of negligence *per se*.

In any case, *Cervantes* cannot be distinguished from this case in the way the lead opinion attempts to do. According to the lead opinion, *Torres* controls here because, unlike in *Cervantes*, the evidence showed that defendant's violation of the statute was the product of neglect rather than of conscious deliberation and because he took the "substitute" precaution of placing the transmission in gear. I respectfully disagree. The negligence *per se* doctrine has never been rationalized by a distinction between deliberate and unknowing statutory violations. *Barnum* stands for the principle that, despite Oregon's adherence to the doctrine of negligence *per se*, "fault is the basis of liability in tort." 264 Or at 74. The fact that a defendant has inadvertently, rather than deliberately, violated a statute, does not mean that he or she was not at fault in doing so. Nor did this court's description of the defendant's conduct in *Cervantes* as "uncompelled" and "deliberate" lower the bar for submission of an excuse for a statutory violation to a jury. Unless a vehicle operator violates a statute through no fault of his or her own, the violation is inevitably uncompelled and is, in the view of the law, deliberate. That is so, because all motor vehicle operators are presumed to know the rules of the road, whether they in fact are familiar with them or not. *Dungey v. Fairview Farms, Inc.*, 205 Or 615, 621, 290 P2d 181 (1955). Thus, an operator who deliberately disregards a vehicle safety law is no more or less negligent for having violated the law than is a person who does so while unconscious of the law's existence.[3] Nor is the excuse of the latter entitled to greater consideration.

---

[3] Of course, the deliberate nature of the violation may actually increase the actor's culpability to the level of reckless or intentional misconduct.

Furthermore, it is not up to the operator of a vehicle to decide not to comply with the law merely because he or she believes that there is another way to behave safely in the circumstances. An excuse that boils down to "I did not think any harm would come of the violation" is insufficient to create a jury question as a matter of law. *See Cervantes*, 90 Or App at 577. The lead opinion's view is, in the end, fundamentally the same as the argument rejected in *Cervantes*, namely, that defendant was entitled under the circumstances reasonably to believe that no harm would come from his failure to set the parking brake. *Id.* It follows the view of the late Justice O'Connell, who always believed that "the violation of traffic laws should be regarded only as evidence of negligence to be weighed by the jury." *Henthorne v. Hopwood et al*, 218 Or 336, 341, 338 P2d 373 (1959) (O'Connell, J., specially concurring); *see also Weitzel*, 274 Or at 193-94 (O'Connell, J., specially concurring). Whatever the merits of that view may be, it does not reflect the path taken in Oregon.[4] Motor vehicle operators are not permitted to decide for themselves, either deliberately or unconsciously, whether or not compliance with a statute provides the most reasonable means for assuring safety on the road. A legitimate excuse—one that creates a jury issue—requires a showing that the party who violated the statute did so through no fault of his or her own. Because defendant did not offer such an excuse, the trial court erred in instructing the jury that it could find that he was acting as a reasonably prudent person with respect to the specification of negligence relating to his failure to set the parking brake.

The remaining question is whether that error requires reversal. In reviewing jury instructions, we will reverse only if we can fairly say that the instruction probably created an erroneous impression of the law in the minds of the jury that affected the outcome of the case. *Bray v. American Property Management Corp.*, 164 Or App 134, 142, 988 P2d 933 (1999). Plaintiff contends that under the "we can't tell" rule of *Whinston v. Kaiser Foundation Hospital*, 309 Or 350, 788 P2d 428 (1990), we must reverse and remand. Plaintiff is correct.

---

[4] Justice O'Connell lucidly explained what he believed were the logical and practical fallacies of the negligence *per se* doctrine in his dissent in *McConnell v. Herron*, 240 Or 486, 494-503, 402 P2d 726 (1965).

In *Eslamizar v. American States Ins. Co.*, 134 Or App 138, 894 P2d 1195 (1995), the trial court submitted to the jury two affirmative defenses, only one of which was supported by the evidence. The jury returned a general verdict in favor of the defendant. We reversed and remanded because we could not tell whether the jury predicated its decision on a legally permissible basis. *Id.* at 147. Here, the jury could have found that defendant did not violate the statute because, as we have already held, the trial court did not err in denying plaintiff's motion for a directed verdict based on ORS 811.585(1). However, the trial court erroneously instructed the jury that, if it found that defendant had violated the statute, it could consider whether defendant acted as a reasonably prudent person under the circumstances. Because the jury returned a general verdict finding that defendant was not negligent, we cannot tell whether the jury *permissibly* decided that defendant did not violate the statute or *impermissibly* found that, if defendant violated the statute, his conduct was nonetheless reasonable. Therefore, we should reverse and remand.

I respectfully dissent.